THE STATE v. HEATHERLY.

MAY TERM
1837.

The State
v.
Heatherly.

The State has no right of appeal in criminal cases, when the defendant has been acquitted of a felony by the verdict of a jury.

APPEAL from the circuit court of Ray county.

*Wood* for appellee.

The defendant in this court moves the court to dismiss the appeal, and assigns for cause:

1st. That the law does not allow to the State the right of appeal.

2d. That there was no affidavit to authorize the grant of appeal.

Under the head of "Practice and Proceedings in criminal cases," article 8, sec. 1, it is provided, that in all cases of final judgment rendered upon any indictment, an appeal to the supreme court shall be allowed, &c.—This provision is general and does not seem to confine the right of appeal to one party or the other. But a further examination of this article will show that the Legislature did not contemplate an appeal at the instance of the State—see sections 3, 4, 6, 7, of the same article. The seventh section provides that in all cases, except when the deft. is under sentence of death, or imprisonment for life, he may be let to bail. Suppose a defendant acquitted in a case which in the event of conviction would have been within the exception contained in this section, would the court detain him in custody, let him to bail or discharge him? The statute is silent. If the Legislature had intended to give the State the right of appeal and the supreme court the power to reverse the judgment of acquittal, and put the party again on his trial, they would have provided some means for his safe keeping.— The inference from the fact that they have not done so is conclusive that they did not intend to give the State an appeal from a final judgment of acquittal. The 9th sec. of the same article also supposes judgment given and sentence pronounced in all cases where an appeal is allowed. The 11th and 13th sections direct what proceedings shall be had in the supreme court. The 12th section goes far to support the position that an appeal is allowed the State. This section (and it is general in its terms and application) directs that if the judgment shall be affirmed, the supreme court shall direct the sentence to be executed,—and this section supposes (as does all the others) that in all cases taken up there has been a

sentence. Taking this article altogether, if there be doubt about the proper construction, the court will determine against a right of appeal in the State. First, because it endangers the personal liberty and even life and limb of the citizen under circumstances in which before its passage he was free from all liability to be prosecuted. Secondly, because the right of appeal in the State would be an innovation on the common law. At the common law, the jury has the power to find a general verdict of not guilty, and this even against the law and evidence, and the courts have no power to disturb the verdict, and from such verdict there is no appeal.—We ought to construe with great strictness any statute making the slightest encroachment on the trial by jury—it is a mode of trial the peculiar boast of the common law, and by our own constitution it is expressly declared that "the right of trial by jury shall remain inviolate," and this constitutional provision was no doubt intended to adopt the common law jury with all its powers.

But if on appeal our courts are permitted to reverse judgments, and set aside verdicts in criminal cases, the powers of juries will be materially injured. It is not pretended that it is not the province of the courts to pronounce as to the law, but that a jury has the power, right or wrong, to find a general verdict of not guilty, and there is no power to set it aside.

And further; if it had been the intention of the Legislature to allow an appeal to the State, and to empower the courts to reverse for error, on the trial committed by the court or jury, they would have authorized a new trial at the instance of the State.

To help out the construction urged I will add the further constitutional provision, that the accused shall have a speedy trial, &c. and this too, accords with the policy of the common law, which not only did not permit the accused to be delayed, and harrassed by new trials and appeals, but would not even allow the Attorney General to enter a *nolli prosequi* after the jury was sworn—see 1st Chitty's crim. law, 390, 3 crim. laws of Ky. page 51, last article Con. digest Title Pleading (page not remembered.) But to conclude, it is expressly provided by our State constitution "that no person after having been once acquitted by a jury, can for the same offence be again put in jeopardy of life or limb;" and so far did the framers of that instrument go in their views of what was a putting in jeopardy of life or limb, that they thought it necessary in order to prevent a wrong construction,

specially to except the case when a jury cannot agree before the end of the term, and provide that in such case the court before which the trial is had, may in its discretion discharge the jury, and commit or bail the accused, for further trial.

Mc'Girk J. delivered the opinion of the court.

In February, 1836, an indictment was found against Heatherly for the murder of one Dunbar. On the trial, the Circuit Attorney offered one Hawkins an accomplice, to give evidence in behalf of the State. Several questions were propounded to the witness, who stated that he could not make any answer to the same without criminating himself. The court informed the witness that if such was his opinion he was not bound to make any answer to the questions. The Circuit Attorney then offered to enter a *nolli prosequi.* The court refused to permit this to be done. The jury then gave a verdict of acquittal. The State brought the matter here by an appeal. Mr. Wood, for the defendant, moved the court to quash and dismiss the appeal, on the ground that this court has no jurisdiction of the case. To support his motion, he has referred us to the 10th section of the 13th art. of the constitution of the State, which says "that no person after having been once acquitted by the verdict of a jury can for the same offence be again put in jeopardy of life or limb." We are of opinion, as the acquittal appears by the record, that no court can have any jurisdiction of the case. By the constitution, the verdict is a perpetual bar, no matter whether right or wrong. We are therefore of opinion, the motion to dismiss the appeal ought to be sustained, at the costs of the State.

*The state has no right of appeal in criminal cases, where the defendant has been acquited of a felony by the verdict of a jury.*