STATE OF KANSAS, *Appellant*, v. DONALD CARMICHAEL, *Appellee*.

*Criminal Appeal from Atchison County.*

On a trial of an indictment under sec. 197 of the Crimes Act against a sheriff for oppression and partiality in the manner of executing an order of sale in a case, Hartwell v. Brawley, Admr., &c., and where the indictment was not quashed nor judgment arrested, but where evidence of a judgment and order of sale in a case, Hartwell v. Brawley, Admr., &c., *and another*, offered by the State was objected to by defendant below and ruled out under exceptions of district attorney and a verdict rendered for defendant; *Held* that it is not a case appealable by the State under sec. 266, Criminal Code, there having been no question reserved by the State within the meaning of that section.

The record shows that on the trial the State offered in evidence " a certain judgment of record of (that court) to which evidence the defendant by counsel objected, and objection sustained by the court, to which ruling of the court the district attorney excepted." Other facts of the case appear in the opinion of the court.

*J. D. Brumbaugh*, Attorney General, for appellant.

*Otis & Glick*, for appellee.

The State of Kansas v. Carmichael.

*By the Court*, CROZIER, C. J.

The defendant was indicted in Atchison county under the 197th section of the Crimes Act for oppression and partiality in office as sheriff of said county. The indictment charged that he had in his hands for execution an order of sale issued from the District Court in a cause wherein Thomas A. Hartwell was plaintiff and Josiah Brawley, Administrator of Presley Montgomery, was defendant, and that the offense consisted in the manner in which the writ was excuted by him.

The defendant moved to quash the indictment, which motion was overruled.

The cause was submitted to a jury, when the State offered in evidence a judgment of the District Court of Atchison county, and an order of sale issued in pursuance thereof, purporting to have been rendered and issued in a cause wherein Thomas H. Hartwell was plaintiff and Josiah Brawley, Administrator of Presley Montgomery, and Emma Montgomery were defendants. The defendant objected on account of the variance and the objection was sustained. The jury returned a verdict of "not guilty," the defendant was discharged, and the State appealed.

Is this such a case as may be appealed to this court?

Section 266 of the Code of Criminal Procedure, is as follows:

" Section 266. Appeals to the Supreme Court may be taken by the territory (state) in the following cases, and no other. *First :* Upon a judgment for the defendant on quashing or setting aside an indictment. *Second :* Upon an order of the court arresting the judgment. *Third :* Upon a question reserved by the territory (state)."

In this case the indictment was not quashed or set aside; the judgment was not arrested, nor was any question reserved by the State. Hence it is not a case in which an appeal is allowed, and the appeal will be dismissed.

All the justices concurring.