THE STATE OF KANSAS V. MILTON SMITH *et al.*

APPEAL BY STATE—*When Lies.* In a criminal prosecution, where the facts constituting the defense of the accused are submitted to the court by way of a plea in bar, and such facts are admitted by the state to be true, and the trial court discharges the defendants, no appeal lies on behalf of the state, and this court cannot disturb the judgment.

*Appeal from Sumner District Court.*

PROSECUTION against *Smith* and two others for cutting down certain wheat. The defendants were acquitted, and *The State* appeals.

*John N. Ives,* attorney general, *P. V. C. Poole,* county attorney, and *James Lawrence,* for appellant:

The only question in this case is this, whether a party who is a purchaser of real estate from an original mortgagor, and after a foreclosure suit is commenced, and just before a judgment of foreclosure is rendered, can make a lease upon the mortgaged property, and put a tenant in possession who will acquire a greater right than the mortgagor or his grantee would have themselves. This court has held, in *Smith v. Hague,* 25 Kas. 246, and in *Life Insurance Co. v. Kiehl,* 25 id. 390, and in *Beckman v. Sikes,* 35 id. 120, and cases there cited, that it is the settled law of this state that growing crops pass to the purchaser, where there is no reservation.

In addition to these authorities, we call the court's attention to *Scriven v. Moote,* 36 Mich. 64; *Ruggles v. Bank,* 43 id. 192; 1 Jones, Mortg., § 780, 2 Jones, Mortg., § 1658; Boon, Real Prop., § 5, p. 17 (text and citations in note).

We submit to the court that, under the section under which this prosecution was instituted, the defendants herein had no interest or right in the grain which was then growing upon the land, and attempted to be cut by them, but that the land and the crop belonged to the Alliance Trust Company and the prosecuting witness, James T. Goodwin, and that the title

to the wheat crop passed with the land to the purchaser at the sheriff's sale.

And we refer to the following additional authorities: Taylor, L. & T., § 537, 6th ed.; *The State v. Armell,* 8 Kas. 288; *The State v. Gurnee,* 14 id. 111; *Haag v. Cooley,* 33 id. 390; *The State v. Blakesley,* 39 id. 152.

In conclusion, we most respectfully submit that there is error in these proceedings, and that the learned judge of the district court of Sumner County, Kansas, committed error in sustaining the plea in bar of the defendants and discharging them, over the objections and exceptions of the state, and that the order and judgment of the district court should be reversed.

*Charles Willsie,* and *Reed & Nebeker,* for appellees:

With reference to the criminal case, the plea alleges the fact to be, that defendants were acting in good faith. This fact is admitted, and it defeats the prosecution. *Wagstaff v. Schippel,* 27 Kas. 450; *Sullivan v. Davis,* 29 id. 28.

Opinion by SIMPSON, C.: This case grows out of the same state of facts that exists in the preceding case of *The Alliance Trust Company v. Smith,* just decided. A complaint, verified by one James T. Goodwin, who describes himself therein as the tenant in possession of the land, recites that on the 20th day of June, 1891, there was growing on said land a certain crop of wheat, to wit, about 90 acres, and that on said day Milton Smith, Benjamin Smith, and Henry Drain, having no interest in the same, did then and there unlawfully cut down said wheat. These defendants were arrested, tried before a justice of the peace, convicted, and fined $5 each, and adjudged to pay the costs of prosecution. They appealed to the district court, and filed a plea in bar to the prosecution of the action against them, reciting all the facts respecting the lease to Milton Smith and the planting of the crop, and the dates of the foreclosure, judgment, sale, and execution of the sheriff's deed. This plea in bar (the facts stated therein being admitted) was

sustained, and the defendants were discharged. The state excepted, and reserved the question for the decision of this court.

We are powerless in this case, and can afford the state no relief. There was a virtual trial, and the defendants were discharged. From the case of *The State v. Carmichael*, 3 Kas. 102, to that of *The State v. Moon*, 45 id. 145, including the cases cited in the latter opinion, we have universally held that when the defendants are acquitted we cannot disturb the judgment. The defendants in this case stated their defense in the nature of a plea in bar, and the facts were admitted by the state. On this statement they were discharged by the district court. This is an acquittal, and no appeal by the state can be had therefrom.

We recommend that the judgment be affirmed.

By the Court: It is so ordered.

All the Justices concurring.