THE STATE OF KANSAS v. LOGAN HICKERSON.

CRIMINAL CASE— *Discharge of Defendant — Appeal by State.* In a criminal prosecution where a jury had been impaneled, an opening statement was made by the county attorney, in behalf of the state, concerning the accusation against the defendant and the proof that would be offered to sustain the same, after which testimony was introduced on the part of the state; and when the state had rested, the defendant moved for his discharge from further prosecution and also for the discharge of the jury, because the opening statement made by the county attorney, in connection with the evidence introduced in behalf of the state, entitled him to such discharge. The court sustained the motion, discharged the jury, and ordered that the defendant be discharged from custody and from further prosecution in the case, and from this ruling the state attempted to appeal to the supreme court. *Held*, That the prosecution is finally ended, and that an appeal by the state will not lie.

*Appeal from Jefferson District Court.*

LOGAN HICKERSON was charged with an assault with intent to kill. From an order discharging the defendant, *The State* appeals. The material facts appear in the opinion herein, filed April 6, 1895.

*H. B. Schaefer*, county attorney, *Lucien Baker, Marshall Gephart*, and *H. T. Phinney*, for appellant.

*W. F. Gilluly*, and *J. G. Waters*, for appellee.

The opinion of the court was delivered by

JOHNSTON, J. : Logan Hickerson was placed on trial upon the charge of assault with intent to kill. After the jury was impaneled, the county attorney made an opening statement, and, among other things, told the jury that in committing the act the defendant was actuated by a "frenzied delusion" on account of what he understood had been said in disparagement of his wife, and that his conduct and the result showed that he was actuated by a "hallucination or imagination" which was not founded on any "reasonable hypothesis." It was also stated that "the only motive that can be ascertained for the onslaught was the fact that he had permitted himself to be worked up into this frenzied condition over a rumor absolutely without any ground at all." After an opening statement for the defendant had been made, testimony in behalf of the state was introduced, when the defendant moved for his discharge from prosecution, and also for a discharge of the jury, because the opening statement made by the county attorney, in connection with the evidence introduced in behalf of the state, entitled him to such discharge. After argument by counsel and consideration by the court, the motion was sustained, the jury was discharged, and the court ordered that the defendant be discharged from custody and from further prosecution in the case. Exceptions were taken to the ruling of the court, and the state now attempts to appeal to this court.

From the foregoing it appears that the case has been

tried by the court upon the statements and admissions of counsel for the state and also upon the evidence offered by the prosecution, the result of which was the discharge of the defendant from further prosecution. Under the previous rulings of this court, the discharge of the defendant upon such a trial protects him from any further trial and effectually terminates the prosecution.

As the litigation on the merits is ended, and the defendant finally discharged, an appeal by the state does not lie, and hence it will be dismissed. (*The State v. Moon*, 45 Kas. 145; *The State v. Lee*, 49 id. 570. See, also, *The State v. Carmichael*, 3 Kas. 102; *City of Olathe v. Adams*, 15 id. 391; *City of Oswego v. Belt*, 16 id. 480; *The State v. Crosby*, 17 id. 396; *The State v. Phillips*, 33 id. 100; *The State v. Smith*, 49 id. 358.) Appeal dismissed.

All the Justices concurring.