STATE OF MONTANA APPELLANT, *v.* JAMES O'BRIEN, RESPONDENT.

(Decided Oct. 11, 1897.)

*Criminal Law—Appeal by State.*

An appeal cannot be taken by the State from an order setting aside an information.

*Appeal from District Court, Silver Bow county.* *William Clancy, Judge.*

James O'Brien was indicted for forgery. From a judgment setting aside the information, the state appeals. Dismissed.

*C. B. Nolan,* Attorney General, for the State.

*B. S. Thresher,* for Respondent.

PER CURIAM.—An information was filed in the District Court of Silver Bow county on May 12, 1897, charging the defendant with the crime of forgery. The defendant moved the court to set aside the information for reasons stated in his motion. The court sustained the motion and set aside the information. The state appealed from the order of the court sustaining that motion. The defendant then filed his motion here to dismiss the appeal on the ground that no appeal is allowed by law to the state from an order of the District Court setting aside an information.

We must grant the motion to dismiss the appeal. Section 2273 of the Penal Code expressly enumerates the grounds of an appeal by the state, no authority is given under that or any other statute for an appeal from an order of the District Court setting aside an information. The state cannot appeal except by express authority of the statute. This doctrine is thoroughly discussed and authorities cited in *State* v. *Northrup,* 13 Montana 522, 35 Pac. 228. The code does not change the law in respect to the question involved from what it was when the decision in that case was rendered. (See, also, *People* v. *Richter,* 113 Cal. 473, 45 Pac. 811.) The appeal is dismissed.

*Dismissed.*