HON. WILLIAM H. HUNT,
HON. WILLIAM T. PIGOTT, } Associate Justices.

---

STATE, APPELLANT, *v.* MORRIS, RESPONDENT.

[No. 1281.]

[Submitted Nov. 21, 1898. Decided Dec. 12, 1898.]

*Criminal Law—Right of State to Appeal.*

1.  The right of the State to appeal in criminal cases does not exist unless conferred by the Constitution or the Legislature.
2.  Penal Code, Section 2273, Subdivision 1, which confers on the state the right to appeal from a judgment for defendant on demurrer to the indictment or information, does not authorize an appeal by the state from such judgment on a demurrer to a complaint, under Constitution, Article 3, Section 8, providing that criminal offenses of which justices' courts have jurisdiction shall be prosecuted by complaint, and that those of which district courts have exclusive original jurisdiction shall be prosecuted by information or indictment.

---

*Succeeded January 2, 1899, by Hon. Theodore Brantly.

VOL. XXII—1

*Appeal from District Court, Missoula County; F. H. Woody, Judge.*

F. W. MORRIS was prosecuted in a justice's court for a misdemeanor, and demurred to the complaint. On appeal to the District Court, defendant's demurrer was sustained, and from the judgment entered thereon the state appeals. Dismissed.

*C. B. Nolan, H. C. Stiff, I. G. Denny, A. L. Duncan,* and *S. G. Murray,* for the State.

*T. C. Marshall, J. M. Evans,* and *Chas. H. Hall,* for Respondent.

PER CURIAM.—This is an appeal by the State from a judgment of the District Court of Missoula County in favor of the defendant, F. W. Morris, entered upon the sustaining of his demurrer to a complaint charging, or attempting to charge, defendant with the commission of a misdemeanor.

The action was commenced in a justice's court by the filing of a complaint accusing defendant of the offense of practicing medicine within the definition of Section 606 of the Political Code, without having first obtained from the State Board of Medical Examiners the certificate required by Section 602 of the same code. In that court defendant demurred to the complaint. The demurrer was overruled. He pleaded not guilty, and was tried and convicted. Upon appeal to the District Court the demurrer which had been overruled in the Justice's court was sustained, and the judgment was entered from which the State prosecutes the present appeal.

The only question discussed in the briefs and oral argument is whether or not a person who follows the vocation of osteopathy, so called, is engaged in practicing medicine or surgery, within the meaning of Article XVI, Part III, Title I, Chapter III of the Political Code; but we are precluded from its consideration.

The appeal must be dismissed by this Court of its own mo-

tion, for want of jurisdiction, upon the specific ground that the statute does not authorize the taking of an appeal from such a judgment as that entered in the case at bar. The right of the State to appeal in criminal actions does not exist unless conferred by the Constitution or the Legislature, and then the right is restricted to such matters as are clearly within the express language of the enactment; or, in other words, as was said, substantially, by Mr. Justice Gray, for the court, in *U. S.* v. *Sanges*, 144 U. S. 310, 12 Sup. Ct. 609, it is settled by the overwhelming weight of authority that the state may not appeal from a judgment in favor of a defendant in a criminal proceeding except under, and in accordance with, express statutes, whether the judgment was made upon a verdict of acquittal or upon the determination by the court of a question of law. To the same effect may be cited *Territory* v. *Laun*, 8 Mont. 322, 20 Pac. 652, and the list of cases in note 2, p. 146, 2 Ency. Pl. and Prac.

Section 2273 of the Penal Code confers upon the State the right to appeal in certain well-defined instances. The section reads: ''An appeal may be taken by the State: 1. From a judgment for the defendant on a demurrer to the indictment or information. 2. From an order granting a new trial. 3. From an order arresting judgment. 4. From an order made after judgment, affecting the substantial rights of the State. 5. From an order of the court directing the jury to find for the defendant.''

Section 8 of Article III of the Constitution provides, in effect, that criminal offenses of which Justices' courts have jurisdiction shall be prosecuted by complaint, and that all criminal actions of which District Courts have sole original jurisdiction shall be prosecuted by information or indictment; and the distinction between informations or indictments and complaints is carefully preserved throughout the Penal Code. A complaint is not synonymous with information or indictment, but it differs materially from either. An appeal may be taken by the State from a judgment for the defendant on a demurrer to the indictment or information. Such is the right

conferred by subdivision 1, Section 2273, which is the only provision of the section which has any relation whatsoever to the supposed right of appeal assumed by the State to exist in the case at bar. But the State is not given the right to appeal from a judgment rendered on demurrer to the complaint, and therefore such right does not exist. It follows, therefore, that no appeal by the State lies from the judgment sustaining a demurrer to a criminal complaint.

The appeal is dismissed for want of jurisdiction.

*Dismissed.*