STATE, APPELLANT, v. CASTEEL, RESPONDENT.

(No. 5,568.)

(Submitted October 30, 1924.  Decided November 17, 1924.)

[230 Pac. 585.]

*Criminal Law — Grand Larceny—Dismissal of Prosecution— State's Evidence—Sufficiency to Go to Jury.*

1. In a prosecution for grand larceny against the president of a bank based on an alleged failure to deliver to the complaining witness a cashier's check issued to her in payment of a real estate mortgage bond which had fallen due, the loan having been paid, payment of the check being withheld under various pretenses until the bank became insolvent, *held* that the evidence was sufficient to establish a case for the jury, and that the trial court erred in granting defendant's motion to dismiss.

*Appeal from District Court, Lewis and Clark County, in the First Judicial District; C. W. Pomeroy, Judge of the Eleventh District, presiding.*

GEORGE W. CASTEEL was prosecuted for grand larceny. From order granting defendant's motion to dismiss at close of State's evidence, the State appeals. Reversed and remanded.

*Mr. L. A. Foot,* Attorney General, *Mr. C. N. Davidson,* Assistant Attorney General, and *Mr. Jos. R. Wine,* County Attorney of Lewis & Clark County, for Appellant, submitted a brief; *Mr. Davidson* and *Mr. Wine* argued the cause orally.

This case was not permitted to reach the jury for the reason that, in the view of the court, the evidence did not disclose an intent on the part of the defendant, "to permanently deprive the owner of his property." On this point we refer to the following cases: *State* v. *Pratt,* 114 Kan. 660, 220 Pac. 505; *Fowler* v. *Wallace,* 131 Ind. 347, 31 N. E. 53; *People* v. *Baker,* 64 Cal. App. 336, 221 Pac. 654; *People* v. *Tambara,* 192 Cal. 236, 219 Pac. 745.

[71 Mont. 524.]

*Mr. Lester H. Loble,* for Respondent, submitted a brief and argued the cause orally.

It is the contention of respondent that four things are essential to be proved in this action: (1) Title to the property appropriated stood in another person; (2) That the defendant took or appropriated the said property to his own use and benefit or the use and benefit of another; (3) That the true owner was deprived of the said property; (4) And, in addition that the defendant took or appropriated the property to his own use or the use of another with the fraudulent intent at the time of taking to deprive the owner thereof, not temporarily but permanently, and if the facts established indicate that it was not the intention of the defendant to permanently deprive the owner of the said property, then the said defendant is not guilty of larceny.

The foregoing statement of law has been adhered to by practically all the courts and following are some of the cases to that effect: *State* v. *Wallin,* 60 Mont. 332, 199 Pac. 285; *Valley Mercantile Co.* v. *St. Paul F. & M. Ins. Co.,* 49 Mont. 430, Ann. Cas. 1916A, 1129, 143 Pac. 559; *State* v. *Rechnitz,* 20 Mont. 488, 52 Pac. 264; *McCourt* v. *People,* 64 N. Y. 583; *In re Mutchler,* 55 Kan. 164, 40 Pac. 283; *State* v. *Shepherd,* 63 Kan. 545, 66 Pac. 236; *People* v. *Kenny,* 135 App. Div. 380, 119 N. Y. Supp. 854.

Instead of the evidence in this case showing any criminal intent on the part of the defendant to permanently deprive Mrs. Byers of her money, the testimony greatly preponderates to the opposite conclusion. The bonds which she held were not due until the first day of May, 1923, and yet by an indictment the defendant is charged with the larceny of these bonds on the 28th of March, and at a time before she was entitled to have the bonds paid. There is no evidence that on May 1, 1923, she asked for payment. Not only is the proof far short of criminal intent on the part of the defendant, but the assertion is ventured that Mrs. Byers, in the light of the

testimony, had not done sufficient to even enable her to maintain an action in damages for the recovery of the money due her under her bonds. For there she would have to allege a demand or request for the payment of her money and allege that she had presented her bonds upon their due date and refusal of payment was had.

HONORABLE JOSEPH R. JACKSON, District Judge, sitting in place of MR. JUSTICE RANKIN, disqualified, delivered the opinion of the court.

Defendant was tried under indictment for the crime of grand larceny. At the close of the state's case the trial court granted defendant's motion to dismiss, and from this order appeal is taken.

The record discloses that about May 1, 1918, Henry and [1] Johanna Hagen, husband and wife, were loaned by the Banking Corporation of Montana the sum of $16,000, to secure the payment of which a mortgage on an apartment house in Fort Benton, Montana, was given by them. Thirty-two bonds, numbered 1 to 32, inclusive, were issued against this mortgage, in the sum of $500 each, maturing by pairs in numerical order on the first day of November and of May of each year until final payment, due May 1, 1926. The bonds were payable to the Banking Corporation of Montana, trustee, or bearer. Two of these bonds, numbered 19 and 20, respectively, maturing May 1, 1923, were purchased by Mrs. Ida Yund Byers on or about May 1, 1918, and she was still the owner of them down to and including the day of the trial.

About March 23, 1923, the mortgage was paid and a satisfaction thereof, executed on behalf of the bank by the defendant as president and O. A. Tweed as secretary, and sealed with the seal of the bank, was given to the mortgagors, bearing date March 19, 1923, and recorded in Chouteau county on March 24, 1923. The money received in satisfaction of the loan was checked off to the various persons holding the unpaid bonds, including $1,035 to Mrs. Byers, in the form of cashier's checks

and dated March 28, 1923. These cashier's checks, with the exception of one in the amount of $535, were all found in the bank unpaid after May 2, 1923, on which day the bank ceased to function.

On April 7, 1923, the defendant wrote Mrs. Byers as follows: "My Dear Mrs. Byers: The next semi-annual interest payment date on the above bonds will be May 1. Arrangements have been completed for paying the loan off as soon as the bonds can all be gathered in. You will please turn your bonds in to us at your convenience and within the next ten days or two weeks so that the details can be completed."

On April 12 Mrs. Byers brought her bonds to the bank for collection. She talked with the defendant, who said nothing of the mortgage having been paid in full. He did not deliver to her the cashier's check, but instead a receipt for the bonds. She never did receive any part of her money, save the ten per cent dividend from the receiver in December, 1923.

For the purpose of proving criminal intent, evidence was introduced regarding a McCaully-Spencer bond issue, which was handled in the same manner as the Hagen loan.

But one question is presented, and that is: Did the state produce sufficient evidence to go to the jury?

The defendant urges in his brief that four things were essential for the state to prove, namely: First, that title to the property appropriated stood in another person; second, that the defendant took or appropriated the property to his own use and benefit, or the use and benefit of another; third, that the true owner was deprived of the said property; fourth, and in addition that the defendant took or appropriated the property to his own use or the use of another with the fraudulent intent at the time of taking to deprive the owner thereof, not temporarily but permanently, and if the facts established indicate that it was not the intention of the defendant to permanently deprive the owner of the said property, then the said defendant is not guilty of larceny.

In support of this contention, the case of *State* v. *Wallin,* 60 Mont. 332, 199 Pac. 285, appears to be the chief authority cited. The facts here are so totally at variance with those of the *Wallin Case* that it is not necessary in this opinion to attempt to set forth the distinction.

There can be no question but that the title to the amount of money as shown by the cashier's check stood in Mrs. Byers. Neither can it be gainsaid that she was deprived of this property, and its use and benefit went to another. As to the fraudulent intent of the defendant to permanently deprive the true owner of the property, the cashier's check of March 28, the letter of the defendant of April 7, his subsequent conversation with Mrs. Byers on April 12, wherein he made no mention of the loan having been paid and when, instead of handing her the cashier's check already in her name and which was never delivered to her, he took the bonds and had issued a receipt, the evidence received concerning the McCaully bond issue—all with certainty establish a sufficient case for the deliberations of a jury.

Accordingly, the order appealed from is reversed and the cause remanded for a new trial.

*Reversed and remanded.*

MR. CHIEF JUSTICE CALLAWAY, ASSOCIATE JUSTICES HOLLO-WAY and STARK and HONORABLE FRANK P. LEIPER, District Judge, sitting in place of MR. JUSTICE GALEN, absent on account of illness, concur.