STATE, APPELLANT, *v.* DAKIN, RESPONDENT.

(No. 5,760.)

(Submitted November 25, 1925. Decided December 3, 1925.)

[241 Pac. 623.]

*Criminal Law—Moot Questions—Dismissal of Appeal.*

1. Where an appeal by the state in a criminal cause involves a moot question, and it appears on argument that no new or novel proposition of law is involved but that even if the judgment were reversed a new trial would not follow, the appeal will be dismissed.

Criminal Law, 17 **C. J.**, sec. 3518, p. 196, n. 42 New.

*Appeal from District Court, Silver Bow County; J. J. Lynch, Judge.*

BARTON B. DAKIN was tried before jury for feloniously making a false report to the state examiner. From a judgment of dismissal, the state appeals. Appeal dismissed.

*Mr. L. A. Foot,* Attorney General, *Mr. T. E. Downey, Mr. N. A. Rotering* and *Mr. J. F. Sullivan,* for the State, submitted a brief; *Mr. Sullivan* argued the cause orally.

*Mr. James M. Baldwin,* for Respondent, submitted a brief.

MR. CHIEF JUSTICE CALLAWAY delivered the opinion of the court.

Upon his trial before a jury for feloniously making a false report to the state examiner, Barton B. Dakin was acquitted by direction of the district court of Silver Bow county. Judgment of dismissal followed, from which the state appealed.

During the argument suspicion in the minds of the members [1] of this court that the cause was moot ripened into a certainty when, upon being interrogated, counsel for the state admitted that they could see no advantage to follow our consideration of the cause. Mr. Sullivan, deputy county attorney, who was arguing the case ably, upon being asked whether, if the cause should be reversed and remanded, a new trial would ensue, said he thought not; he said the case was tried in the district court by the predecessors in office of the present county attorney's force and the appeal was being prosecuted out of deference to them. Assistant Attorney General Choate, upon being interrogated as to whether he knew of any reason why the court should consider the case, replied that he was in duty bound to answer in the negative.

It appeared from the argument that no novel or important proposition of law was involved, and that a formal decision would only follow principles of law already sufficiently covered in the Montana Reports. This court is too busily engaged in the consideration of meritorious causes to consider mere moot questions. No such proposition confronts the court as was presented in *State* v. *Kindle,* 71 Mont. 58, 227 Pac. 65, or in *State* v. *Wong Hip Chung,* 74 Mont. 523, 241 Pac. 620.

As no useful purpose can be served by deciding the cause upon the merits, we refuse to entertain the appeal, and, accordingly, it is dismissed.

*Dismissed.*

ASSOCIATE JUSTICES HOLLOWAY, GALEN, STARK and MATTHEWS concur.