STATE, Appellant, *v.* PECK, Respondent.

(No. 6,317.)

(Submitted October 8, 1928.   Decided November 16, 1928.)

[271 Pac. 707.]

*Mr. L. A. Foot*, Attorney General, and *Mr. I. W. Choate*, Assistant Attorney General, for Appellant, submitted a brief; *Mr. S. R. Foot*, Assistant Attorney General, argued the cause orally.

*Messrs. Belden & DeKalb, Mr. Merle C. Groene* and *Mr. Roy E. Ayers*, for Respondent, submitted a brief; *Mr. H. Leonard DeKalb* argued the cause orally.

MR. JUSTICE MATTHEWS delivered the opinion of the court.

One Clinton Peck was placed on trial in Fergus county on an information charging him with grand larceny. At the close of the taking of testimony, on motion of defendant, the court ordered him discharged and excused the jury from further consideration of the case on the ground of failure of proof and on the stated belief of the trial judge that, should the jury be permitted to consider the case and it should return a verdict of guilty, the court would not be justified in pronouncing sentence thereon, or in denying defendant a new trial if motion therefor was made.

We have before us a record made as on an appeal by the state, and a brief by the attorney general, in which error is predicated upon the court's refusal to submit the case to the jury. Defendant has moved to dismiss on the ground that the order made is not an appealable order.

1. The right of appeal in a criminal case is unknown to the common law and exists only by virtue of constitutional or statutory enactment. (17 C. J. 13.) The only provisions which we have for an appeal by the state in criminal actions are: "1. From a judgment for the defendant on a demurrer to the indictment or information. 2. From an order granting a new trial. 3. From an order arresting judgment. 4. From an order made after judgment, affecting the substantial rights of the state. 5. From an order * * *

directing the jury to find for the defendant." (Sec. 12108, Rev. Codes 1921.)

It is clear that the order made does not fall within any one of the five subdivisions above set out, and this fact was, evidently, recognized by the county attorney, who drafted the notice of appeal herein, as he follows his notice of appeal from the order made with the statement that the state also appeals from that certain order "directing the jury to find for the defendant." No such order was made, and this latter portion of the notice must be disregarded. In resistance to the motion to dismiss, however, the attorney general argues that the order made was "in effect" such an order as that last designated. If he can maintain this position, an appeal lies under subdivision 5 above; otherwise, the motion to dismiss must be sustained, since, in the absence of a permissive statute, no appeal lies from such an order as was made by the court. (17 C. J. 41, and cases cited; *People* v. *Adams*, 16 Hun (N. Y.), 549; *State* v. *Smith*, 49 Kan. 358, 30 Pac. 522; *State* v. *Hickerson*, 55 Kan. 133, 39 Pac. 1045; *State* v. *Marshall*, 124 Mo. 483, 27 S. W. 1107; *State* v. *Smith*, 94 Ark. 368, 126 S. W. 1057.)

In *State* v. *Casteel*, 71 Mont. 524, 230 Pac. 585, this court entertained an appeal from such order as that under consideration, made at the close of the state's case, but therein no motion to dismiss was made and no question of jurisdiction raised, and that decision cannot be considered as a precedent here.

2. In *Kline* v. *Murray*, 79 Mont. 530, 257 Pac. 465, we held that the dismissal of the case, after the court had refused to entertain a motion for a directed verdict, was to all intents and purposes a judgment of dismissal upon such a verdict, but that was a civil action wherein the rules hereinafter announced do not apply.

In granting the right of appeal to the state in criminal cases, and construing statutes giving such right, caution must be observed not to run counter to such constitutional prohibi-

tions as that no person shall "be twice put in jeopardy for the same offense." (Art. III, sec. 18, Constitution of Montana.) Mr. Bishop, in his work on Criminal Law, points out that the impediment of jeopardy cannot be removed by legislation, and that, therefore, "a statute which, by the device of an appeal by the state, undertakes to authorize a retrial of one acquitted on a valid indictment, is void," and that, "even where the acquittal is procured by an erroneous direction of the judge at the trial, it will stand against all doings for its reversal without the defendant's consent, whatever their form and from whatever source proceeding." (Bishop on Criminal Law, sec. 1026.) "If all things are regular down to the attaching of jeopardy at the trial, the state, in the absence of a waiver by the defendant, is not entitled to bring him into jeopardy again by procuring the correction of any error of its own or of the court at the trial or afterward." (Id., sec. 1027.)

For the above reasons, and as they are in derogation of ▇ the common law, statutes granting the right of appeal to·the state must be strictly construed, and the right limited to those instances mentioned (*Territory* v. *Laun,* 8 Mont. 322, 20 Pac. 652), and no appeal will lie unless it is clearly authorized (*People* v. *Zobel,* 54 Colo. 284, 130 Pac. 837) and "unequivocally conferred" (*State* v. *Craig,* 223 Mo. 201, 122 S. W. 1006); nor can the power granted be enlarged by construction of the statute (*State* v. *Weathers,* 13 Okl. Cr. 92, 162 Pac. 239). The rule of *strictissimi juris* is universally applied in this class of cases.

Under such circumstances, can we say, for the purpose of ▇ permitting an appeal, that the order made—admittedly not an appealable order—is an entirely different order, from which different results would flow, merely because we may feel that the order made was not the order which should have been entered? The situation here is not unlike that discussed by this court in *State* v. *Northrup,* 13 Mont. 522, 35 Pac. 228. There the trial court granted the defendant a

new trial on the ground, among others, that the indictment was insufficient. The state appealed, although the statute then permitted such an appeal only from a judgment setting aside an indictment, an order arresting judgment or upon a question of law reserved by the state. It was there contended that the appeal might be considered on the theory that the order made was "in effect" either an order quashing the indictment or one arresting judgment. Mr. Justice De Witt, speaking for the court, said that the district court did not, "even in effect," either quash the indictment or arrest a judgment, but granted a new trial, and therefore the motion to dismiss must be granted, although he stated that insufficiency of the indictment was not a ground for granting a new trial, and, referring to the trial judge, said: "It is true that he makes this a ground for granting a new trial, as he ought not, and he does not make it a ground for an arrest of judgment, as he should have done. * * * The ruling was not one that was attentive to the practice, and it did not distinguish the nature of the matter which the court undertook to handle."

The basis of the attorney general's contention in the instant case—that the order made is "in effect" an order directing a verdict—is that, if the court deemed the evidence insufficient, it should have made the latter order; but, paralleling the situation with that in the *Northrup Case*, and conceding that counsel is right as to what order should have been made, the judge did that which he ought not to have done, and did not do that which he should have done, and was not attentive to the practice; but that which he did do cannot be said to be that which he did not do, even in effect, for the result may be entirely different. Had the court either directed or advised the jury to return a verdict for the defendant, pursuant to the provisions of section 11995, Revised Codes 1921, and had such a verdict been returned, it would have been followed by a judgment of acquittal, which, under the law as announced by Mr. Bishop, above, would be unassailable;

but the order made resulted in a judgment of dismissal of the action without a verdict of not guilty, or a judgment of acquittal, and a discharge of the jury, in attempted compliance with the provisions of section 11991 or section 12228, Id.

In California concededly erroneous orders directing a verdict have been repeatedly affirmed on the sole ground that the judgments of acquittal based thereon, barred further prosecution (*People* v. *Horn,* 70 Cal. 17, 11 Pac. 470; *People* v. *Roberts,* 114 Cal. 67, 45 Pac. 1016; *People* v. *Terrill,* 132 Cal. 497, 64 Pac. 894), although in *People* v. *Stoll,* 143 Cal. 689, 77 Pac. 818, by a divided court, an appeal from such an order, based upon the opening statement of the county attorney, was entertained on the ground that the order was void. This court has likewise dismissed an appeal, which could not have resulted in a retrial, where no novel or important proposition of law was involved. (*State* v. *Dakin,* 75 Mont. 28, 241 Pac. 623.)

Our law on the subject, however, differs from that of California, in that they have no provision for appeal from an order directing a verdict, and do not recognize the right of the court to make such an order, while we have declared it the duty of the trial court to so direct on failure of proof by the state (*State* v. *Welch,* 22 Mont. 92, 55 Pac. 927; *State* v. *Mahoney,* 24 Mont. 281, 61 Pac. 647), and we have recognized the right of the court to discharge a jury on the county attorney's opening statement, under certain circumstances (*State* v. *Hall,* 55 Mont. 182, 175 Pac. 267). The latter California decision, relied upon by the attorney general, is not, therefore, persuasive here.

Getting back to the question directly under consideration, we find that all of the authorities which have been called to our attention, or which we have been able to find, dealing with the question, indicate that appeals can only be considered when the order or judgment from which the appeal is taken falls squarely under some statutory provision granting an appeal. Thus in Arkansas it is held that a ruling

on the sufficiency of the evidence does not warrant an appeal under a broad statute permitting appeals to correct errors and promote the "uniform administration of the criminal law." (*State* v. *Smith,* above.) In Mississippi the right of appeal was denied under the exact situation here presented, as the statute of that state authorizes appeals only from "a judgment actually acquitting a defendant where a question of law has been decided against the state"; the order discharging the defendant being held not to be such a judgment. (*State* v. *Willingham,* 86 Miss. 203, 38 South. 334.)

In the case of *People* v. *Adams,* above, the supreme court of New York held that a writ of error would lie where the trial court discharged the defendant on motion, because the order was *not* a direction to acquit the defendant and "the jury did not acquit."

In Washington a defendant was given a preliminary hearing and held to appear before the superior court; he thereafter secured his discharge on writ of habeas corpus after a full examination of the facts; he then moved to dismiss the proceeding against him, which motion was granted. The state perfected an appeal from the order of discharge, and the court held that the order and judgment constituted an adjudication upon the merits and, therefore, no appeal lay under a statute allowing an appeal for "material errors in law not affecting the acquittal of the prisoner on the merits." (*State* v. *Murrey,* 30 Wash. 383, 70 Pac. 971.)

In California it is said that "jeopardy" attaches when a party is once placed on trial before a competent court and jury, upon a valid indictment, and, upon an acquittal, he cannot be held to answer again, no matter by what mistakes or errors on the part of the court, jury, or prosecution the acquittal was obtained, and that, by a just interpretation of the provisions of the statutes giving the state a right to appeal in criminal cases, the right must be confined only to such errors in the proceedings as may occur before legal jeopardy attaches. (*People* v. *Webb,* 38 Cal. 467.)

But, whether jeopardy attached in the instant case or not, we have no provision for an appeal on the ground of an erroneous ruling on the evidence resulting in the discharge of the defendant, and we cannot say, contrary to the fact and contrary to the authorities, that such a ruling was ''in effect'' a direction to return a verdict for the defendant.

For the reasons stated, the motion to dismiss the attempted appeal is sustained, and the appeal dismissed.

*Appeal dismissed.*

ASSOCIATE JUSTICES STARK and GALEN concur.

MR. CHIEF JUSTICE CALLAWAY and MR. JUSTICE MYERS not sitting.