STATE, APPELLANT, v. WRIGHT, RESPONDENT.

(No. 6,878.)

(Submitted January 13, 1932. Decided February 13, 1932.)

[8 Pac. (2d) 646.]

*Mr. R. C. Dillavou,* County Attorney of Yellowstone County, and *Mr. H. C. Crippen,* for Appellant, submitted an original, a supplemental and a reply brief; *Mr. Crippen* argued the cause orally.

*Mr. C. C. Cisel* and *Mr. M. J. Lamb,* for Respondent, submitted an original and a supplemental brief; *Mr. Lamb* argued the cause orally.

MR. JUSTICE FORD delivered the opinion of the court.

Defendant was charged by complaint in a justice's court of Yellowstone county with the offense of having engaged in the business of plumbing within an incorporated city containing more than 3,000 inhabitants, "without first having obtained a license to carry on such business either as a master plumber or as a journeyman plumber, as required by the laws of the state." Defendant's demurrer to the complaint challenging the constitutionality of the law providing for a plumber's license was overruled, and from a judgment of conviction he appealed to the district court. In that court the cause was tried before the court sitting without a jury. At the close of the state's case defendant moved the court to find the defendant not guilty for the reasons set forth in the demurrer. Ruling on the motion was deferred. Defendant then introduced evidence and the court took the case under advisement. Thereafter the court entered judgment finding that the statute in question was unconstitutional because it vested in the board of examiners powers that "are arbitrary and unlimited as to the extent and kind of examination" which might be required of an applicant before he would be granted a license, and ordered defendant discharged. The state has appealed. Defendant has filed a motion to dismiss the appeal upon the ground that the state has no right of appeal from the judgment entered.

The right of the state to appeal in criminal cases does not ▮ ▮ exist unless expressly conferred by the Constitution or by legislative enactment, and then the right is restricted to such matters as are clearly within the express language of the enactment. "It is settled by the overwhelming weight of authority that the state may not appeal from a judgment in favor of a defendant in a criminal proceeding except under, and in accordance with, express statutes, whether the judgment was made upon a verdict of acquittal or upon the determination by the court of a question of law." (*State* v. *Morris*, 22 Mont. 1, 55 Pac. 360, 361.) Such statutes must be strictly construed, and the right limited to those instances expressly enumerated. (*State* v. *Peck*, 83 Mont. 327, 271 Pac. 707.)

The only provisions which we have for an appeal by the state in criminal actions are: "1. From a judgment for the defendant on a demurrer to the indictment or information; 2. From an order granting a new trial; 3. From an order arresting judgment; 4. From an order made after judgment, affecting the substantial rights of the state; 5. From an order of the court directing the jury to find for the defendant." (Sec. 12108, Rev. Codes 1921.)

It is clear that the judgment appealed from does not come within any of the provisions above set forth, and the motion to dismiss is sustained and the appeal dismissed.

Mr. Chief Justice Callaway and Associate Justices Galen, Angstman and Matthews concur.