STATE, Appellant, *v.* McCLUSKEY, Respondent

No. 9031.

Submitted March 5, 1951. Decided March 30, 1951.

229 Pac. (2d) 169.

Mr. Michael G. Chilton, County Atty., Melvin E. Magnuson, former County Atty., Helena, for appellant.

Mr. Sherman W. Smith, Helena, for respondent.

Mr. Chilton, Mr. Magnuson and Mr. Smith argued orally.

MR. CHIEF JUSTICE ADAIR:

The defendant Jack McCluskey was tried, convicted and sentenced to pay a fine of $50 in a justice of the peace court of Lewis and Clark county on an amended complaint therein filed, accusing him of having committed a misdemeanor in that he "did, on or about the 31st day of August, 1948, at the county of Lewis and Clark, in the State of Montana, recklessly, carelessly and unlawfully fly and operate an airplane, to-wit: An Aeronaca Trainer NC-2331E, in a reckless and careless manner dangerous to persons and property, in that he operated said airplane in an unsafe manner and at an unsafe altitude, contrary to the form, force and effect of the statute in such case made and provided and against the peace and dignity of the State of Montana." From the judgment of conviction defendant appealed to the district court of Lewis and Clark county.

In the district court defendant moved to dismiss the cause for the reasons stated in the motion.

On March 29, 1950, the district court sustained the motion and ordered the action dismissed and the exoneration of defendant's bondsmen.

Three months thereafter the state served and filed a notice of appeal, stating that the state appeals, "from that certain Order made and entered in the above entitled cause in the above entitled Court on the 29th day of March, 1950, wherein it was ordered that said cause be dismissed."

The transcript on appeal filed with the clerk of this court contains neither bill of exceptions, judgment nor judgment roll. It merely sets forth a copy of each of the following: Original

complaint and amended complaint filed in the justice's court, two typewritten pages of recitals from the justice's docket, defendant's motion to dismiss, his motion for the district court to make an order fixing the time for hearing his motion to dismiss, his demurrer, the court's order of March 29th from which the state has attempted to appeal, the notice of appeal and a certificate of the clerk of the district court certifying to the transcript on appeal.

"The right of the state to appeal in criminal cases does not exist unless expressly conferred by the Constitution or by legislative enactment, and then the right is restricted to such matters as are clearly within the express language of the enactment. 'It is settled by the overwhelming weight of authority that the state may not appeal from a judgment in favor of a defendant in a criminal proceeding except under, and in accordance with, express statutes, whether the judgment was made upon a verdict of acquittal or upon the determination by the court of a question of law.' State v. Morris, 22 Mont. 1, 55 Pac. 360, 361. Such statutes must be strictly construed, and the right limited to those instances expressly enumerated. State v. Peck, 83 Mont. 327, 271 Pac. 707.

"The only provisions which we have for an appeal by the state in criminal actions are: '1. From a judgment for the defendant on a demurrer to the indictment or information; 2. From an order granting a new trial; 3. From an order arresting judgment; 4. From an order made after judgment, affecting the substantial rights of the state; 5. From an order of the court directing the jury to find for the defendant.' Section 12108, Rev. Codes 1921 [now R. C. M. 1947, sec. 94-8104]." State v. Wright, 91 Mont. 427, 429, 8 Pac. (2d) 646.

The state cannot appeal except by express authority of the statute. State v. O'Brien, 20 Mont. 191, 50 Pac. 412.

Since the order of dismissal is not an appealable order under any of the provisions of R. C. M. 1947, section 94-8104, or any other statute, this court is without jurisdiction to entertain the appeal. Accordingly the appeal is dismissed.

MR. JUSTICES METCALF, BOTTOMLY, ANGSTMAN and FREEBOURN concur.