THE STATE, Appellant, v. ROWE, Respondent.

1. An appeal on the part of the State can not be taken in a criminal case, where judgment has been given for the defendant on a demurrer to a plea to the indictment. This is not a case within the 10th section of article 8 of act to regulate proceedings in criminal cases. (R. C. 1845, p. 889.)

*Appeal from Montgomery Circuit Court.*

*H. A. Clover* and *T. Vanswearingen*, for the State.

RYLAND, Judge, delivered the opinion of the court.

The defendant was indicted, as we are informed, by the record, (though no indictment is set forth,) in the Circuit Court of Montgomery, for taking unlawful toll. The defendant appeared and filed his special plea. The State demurred to this plea, and the court overruled the demurrer, and rendered judgment thereon for the defendant, discharging him from said indictment, at the costs of the State. The State thereupon appealed to this court.

The only question before this court is, will an appeal be sustained on the part of the State in a case like this? The statute concerning practice and proceedings in criminal cases must determine this question. Sections 9 and 10 of the 8th article of this act, are as follows : " Sec. 9. The State, in any criminal prosecution, shall be allowed an appeal *only* in the cases and under the circumstances mentioned in the next succeeding section. " Sec. 10. When any indictment is quashed or adjudged insufficient upon demurrer, or judgment is arrested, the Circuit Court, either from its own knowledge, or from information given by the prosecuting attorney, may cause the defendant to be committed or recognized to answer another indictment ; or, if the prosecuting attorney prays an appeal to the Supreme Court, the Circuit Court may, in its discretion, grant an appeal." Now this case is not within either of the

State v. Rowe.

classes mentioned in this 10th section.   There is no indictment quashed, nor is there any arrest of judgment, nor has this indictment been held insufficient on demurrer.   Then, by the express words of the 9th section, an appeal will not be allowed.

Appeals on the part of the State have frequently been dismissed by this court.   (State v. Heatherly, 4 Mo. 478 ; State v. Spear, 6 Mo. 644 ; State v. Shoemaker, 7 Mo. 286.)   This appeal must therefore be dismissed ; it is taken in a case not provided for by the statute.

It is accordingly dismissed, the other judges concurring.