THE STATE, *Appellant*, v. RISLEY.

1. **An** indictment for obstructing a highway ; *Held*, sufficient.
2. **Practice, Criminal.** Objection to the sufficiency of an indictment can be taken only by motion to quash, demurrer or motion in arrest; not, as in civil cases, by objecting *ore tenus* to the introduction of evidence.
3. ———: STATE'S APPEAL. The State has no right of appeal in a case where, on motion made *ore tenus* to exclude evidence, the trial court holds the indictment bad, and on that ground enters judgment for defendant.

*Appeal from Livingston Circuit Court.*—HON. E. J. BROADDUS, Judge.

APPEAL DISMISSED.

The defendant was indicted for obstructing a public road. The indictment charged that the defendant " on, etc., at, etc., did unlawfully, willfully and knowingly obstruct a certain public road leading from the village of Dawn, west and north toward the village of Mooresville, and near where said road runs along the western line of one J. J. Bolliver's land in section 1, township 56, range 25, by building and erecting two fences in and across said road, to the great hindrance and inconvenience of the citizens of this State, and against," etc. The defendant pleaded " not guilty," and a trial being proceeded with, the defendant, when the first witness for the State was called to the stand and before he had given any evidence, " objected to the introduction of any evidence whatever for the reason that the indictment does not state facts sufficient to maintain a judgment of conviction." The court sustained this objection, and the State having excepted to this ruling and elected to stand on the indictment, judgment was rendered " that said indictment be held as insufficient, and that defendant recover his costs," etc. The State appealed.

39—72

*J. L. Smith*, Attorney-General, for the State.

SHERWOOD, C. J.—The indictment is undoubtedly sufficient. The only point for discussion is, whether the State, in the circumstances of this case, is allowed an appeal. The statute provides: " The State, in any criminal prosecution, shall be allowed an appeal only in the cases and under the circumstances mentioned in the next succeeding section." " When any indictment is quashed or adjudged insufficient on demurrer, or when judgment thereon is arrested, the court in which the proceedings were had,    *    *    may cause the defendant to be committed or recognized to answer a new indictment, or if the prosecuting attorney prays an appeal to the Supreme Court, the court may, in its discretion, grant an appeal." R. S. 1879, §§ 1985, 1986. This statutory provision came before us for adjudication in *State v. Bollinger*, 69 Mo. 577, where it was held that the State was allowed an appeal only in the cases mentioned in section 1986— NORTON, J., who delivered the opinion of the court, remarking: " We think it clear that under the above sections the right of the State to prosecute an appeal is limited to those cases where the indictment has been adjudged to be insufficient, either on motion to quash, on demurrer, or motion in arrest of judgment, because of defective indictment." This ruling was in entire accord with the familiar rule, too familiar by far to require citation of authorities in its support, that statutory exceptions are to be strictly construed. As the instances when the State may appeal are plainly exceptional, the only point of inquiry is, does this case fall within them? obviously not, for the patent and palpable reason that here there has been neither motion to quash, demurrer nor motion in arrest. Such a method of assailing the sufficiency of an indictment, as that attempted in the present instance, has never passed into precedent or received the sanction of authority; at least the

books furnish no such example. It is clearly an innova-
tion in the criminal practice, and should not be tolerated.

Under repeated rulings in this State, if the defendant's
objection to the validity of the indictment had assumed
the shape of a motion to quash or a demurrer, such motion
or demurrer must have distinctly specified the grounds on
which based or else have been disregarded. R. S. 1879,
§ 1818; *State v. Poston*, 63 Mo. 521, and cases cited. The
object, doubtless, of the legislature in thus requiring that
the motion or demurrer " distinctly specify the grounds
of objection," was that the prosecuting attorney, being
apprised of the particular defect, might remedy it by hav-
ing a new bill found, and thus avoid the accumulation of
onerous costs. If the defendant, in the court below, had
filed his motion to quash or demurrer to the indictment,
and in such motion or demurrer set forth as a reason " that
the indictment does not state facts sufficient to maintain a
judgment of conviction," that court, if regardful of its
duty in the premises, would have obeyed the statute, and
disregarded " the groundless grounds of objection to the in-
dictment." But if the practice inaugurated by the defend-
ant is to prevail, he may do that *ore tenus* which he could
not successfully do in writing, and thus accomplish more
by an indirection than could be done directly—more by a
flank movement than an open, straightforward attack,
thereby practically nullifying the provisions of the statute
respecting motions and demurrers in criminal cases.

It has been urged that as a similar practice to the one
under discussion has prevailed in this State in civil cases,
that, therefore, it should be allowed also in criminal cases.
In reference to this position it may be replied, first, that the
statute only allows an appeal to the State in the circum-
stances already instanced, and this is not one of those in-
stances; and, second, that in civil cases a general demurrer
that the petition " does not state facts sufficient to consti-
tute a cause of action," is expressly allowed by statute,
while in criminal cases, as already seen, the demurrer must

be specific. These reasons are deemed sufficient to estab-
lish that the erroneous ruling of the court below in allow-
ing the defendant to make a general and oral attack on
the sufficiency of the indictment does not, under the stat-
ute, furnish any right to the State to appeal, and hence
the appeal should be dismissed. All concur.