THE STATE, *Plaintiff in Error*, v. HEISSERER.

Criminal Practice : APPEALS AND WRITS OF ERROR BY STATE, WHEN LIE. Appeals by or writs of error in behalf of the state do not lie in criminal cases, except, as provided by statute, where the indictment is quashed or adjudged insufficient on demurrer or where the judgment thereon is arrested.

*Error to Scott Circuit Court.*—HON. J. D. FOSTER, Judge.

WRIT DISMISSED.

*D. H. McIntyre*, Attorney General, for the state.

*M. Arnold* for defendant in error.

SHERWOOD, J.—The defendant, indicted for selling liquor without license, interposed his plea in abatement to the jurisdiction of the court, alleging that the act for which he was indicted was done under the authority of a license granted by the proper authorities of the town of Commerce and that certain acts of the legislature gave said town full and exclusive authority to grant licenses in that behalf, and that the circuit court had no jurisdiction of the matter. The truth of this plea it seems was proved to the satisfaction of the court, the defendant discharged, and the state comes here on error.

The correctness of this ruling it is not our province to pass upon, for the reason that this cause is not prop-

erly here. Appeals by or writs of error on behalf of the state do not lie, except only when "any indictment is quashed, or adjudged insufficient on demurrer, or when judgment thereon is arrested." R. S. 1879, secs. 1985, 1986, 1988. This point was so ruled in *State v. Bollinger*, 69 Mo. 577, as to appeals by the state, and the same rule prevails as to writs of error sued out by the state as to appeals taken for the same purpose. Sec. 1988, *supra.* Here as already noted there was no quashing of the indictment, no adjudging upon demurrer that the same was insufficient, nor was there any judgment on demurrer arrested. It follows that the writ of error was improvidently sued out, and of consequence the writ must be dismissed. All concur.