THE STATE, *Appellant*, v. MARSHALL.

Division Two, November 5, 1894.

|124  483|
|145  185|

1. Criminal Practice: APPEAL BY STATE. The state has no appeal from an order discharging defendant after several continuances on the part of the state.

2. ———: ———. It is only when the "indictment is quashed or adjudged insufficient on demurrer, or when the judgment thereon is arrested," that the state can appeal in a criminal case.

*Appeal from Ozark Circuit Court.*—HON. A. H. LIVINGSTON, Special Judge.

APPEAL DISMISSED.

*R. F. Walker*, Attorney General, and *Morton Jourdan*, Assistant Attorney General, for the state.

The appeal in this case must be dismissed. The state is only entitled to appeal in criminal prosecutions in cases where the indictment is quashed, adjudged insufficient on demurrer or where the judgment thereon is arrested. *State v. Ashcraft*, 95 Mo. 348.

SHERWOOD, J.—The defendant being indicted for a felonious assault, after several continuances on the part of the state, moved to be discharged. The lower court granted his motion and discharged him, and from this order of discharge the state has appealed. Into the correctness of this order we can not look, as the state has no right of appeal in such cases. It is only when the "indictment is quashed, or adjudged insufficient upon demurrer, or when judgment thereon is arrested" (R. S. 1889, secs. 4289, 4290), that the state is allowed an appeal. *State v. Risley*, 72 Mo. 609; *State v. Heisserer*, 83 Mo. 692; *State v. Ashcraft*, 95 Mo. 348. In consequence of these statutory provisions, this appeal having been improvidently taken, must be dismissed. All concur.