State v. Clipper.

THE STATE, *Appellant*, v. CLIPPER.

Division Two, February 1, 1898.

1. **Appeals:** NOT ALLOWED TO STATE ON INFORMATIONS. The State is not entitled to an appeal in a prosecution founded on an information. It can appeal only when an *indictment, first,* has been quashed; or *second,* where it is adjudged insufficient upon demurrer; or *third,* where the judgment thereon is arrested.

2. **Appeals by State:** OF STATUTORY ORIGIN. Appeals as practiced in this country are of statutory origin, and are regulated by statute, and this being the case it is essential to the exercise of such right that the statute be strictly pursued.

3. ———: FROM WHAT COURTS. An appeal by the State can not be allowed except from a court having jurisdiction to proceed to the *trial* of a defendant for the offense charged.

4. ———: ———: ST. LOUIS COURT OF CRIMINAL CORRECTION. The St. Louis Court of Criminal Correction has no jurisdiction to *try* felonies.

*Appeal from St. Louis Court of Criminal Correction.*
HON. DAVID MURPHY, Judge.

APPEAL DISMISSED.

*Thomas E. Mulvihill* for appellant.

*John Gernez* for respondent.

SHERWOOD, J.—This appeal on the part of the State comes to this court, its basis being that the trial court, on motion of defendant, quashed an information which charged an assault with intent to kill, on the ground that it was verified by the oath of the wife of the injured party. Our State Constitution provides "that no person shall, for felony, be proceeded against otherwise than by indictment, except," etc. Article II, section 12. Section 4056, Revised Statutes 1889, corresponds with and enforces this constitutional provision.

It would seem, however, that the information was not drawn with a view to a *trial*, in the court in which filed, but merely as preparatory to a preliminary examination of defendant before the judge of the court of criminal correction sitting as an examining magistrate. 2 R. S. 1889, sec. 7, p. 2153.

It matters not, however, what the purpose in filing the information was, since the right of the State to an appeal to this court is circumscribed by the following statutory provisions:

"The State, in any criminal prosecution, shall be allowed an appeal only in the cases and under the circumstances mentioned in the next succeeding section.

"When any indictment is quashed, or adjudged insufficient upon demurrer, or when judgment thereon is arrested, the court in which the proceedings were had, either from its own knowledge or from information given by the prosecuting attorney, that there is a reasonable ground to believe that the defendant can be convicted of an offense, if properly charged, may cause the defendant to be committed or recognized to answer a new indictment; or if the prosecuting attorney prays an appeal to the Supreme Court, the court may, in its discretion, grant an appeal." R. S. 1889, secs. 4289 and 4290.

It is to be noted that these sections are very restrictive in their language; the State is "allowed an appeal *only* in the cases and under the circumstances mentioned in the next succeeding section." These cases and circumstances are these, and no others:

*First*, where an *indictment* is quashed; *second*, where it is adjudged insufficient upon demurrer; *third*, where the judgment thereon is arrested.

The following decisions of this court show how closely these statutory provisions have been limited by our rulings heretofore: *State v. Bollinger*, 69 Mo. 577; *State v. Risley*, 72 Mo. 609; *State v. Heisserer*, 83 Mo. 692; *State v. Ashcraft*, 95 Mo. 348; *State v. Rowe*, 22 Mo. 328.

On common law principles, the great majority of our courts deny to the State the right of appeal, etc., except when *expressly* allowed by statute, and a statute which bestows such right on the State is always *construed strictly*. 1 Bishop, New Crim. Proc., sec. 1272, and cases cited. The remedy by appeal as practiced in this country was unknown to the common law; it had its origin in the civil law. 1 Am. and Eng. Ency. of Law, 616. In this country, being of statutory origin, it is regulated by statute and it is therefore essential

to the exercise of such right that the statute be *strictly pursued.* *State ex rel. Craig v. Woodson,* 128 Mo. *loc. cit.* 515. All the authorities announce this familiar doctrine.

"Where authority is given to do a particular thing, and the mode of doing it is prescribed, it is limited to be done in that mode; all other modes are excluded. . . . . . . . Where a statute enumerates the persons or things to be affected by its provisions, there is an implied exclusion of others; there is then a natural inference that its application is not intended to be general . . . . . . . When a statute specifies the effects of a certain provision, courts will presume that all the effects intended by the law-maker are stated. . . . . . . . An express exception, exemption or saving excludes others. Where a general rule has been established by statute with exceptions, the court will not curtail the former nor add to the latter by implication. Exceptions strengthen the force of a general law, and enumeration weakens it as to things not expressed." Sutherland, Stat. Const., secs. 326, 327 and 328. Affirmative specification excludes implication. *Maguire v. Savings, Etc.,* 62 Mo. *loc. cit.* 346.

Under well recognized definitions an *indictment* is not an *information* nor *vice versa.* And the word indictment being a "technical word" and "having a peculiar and appropriate meaning in law, shall be understood according to its technical import." 2 R. S. 1889, sec. 6570.

In no view, therefore, can the State be regarded as entitled to an appeal in a case of this character. Moreover, the statute does not contemplate an appeal by the State in any event except from a court having jurisdiction to proceed to the *trial* of a defendant for the offense charged. For reasons already given and

those set forth in section 7, *supra*, the court of criminal correction has no jurisdiction to *try* felonies.

Because of these views, appeal dismissed. All concur.