# THE STATE, Appellant, v. IVIS CRAIG.

### Division Two, November 23, 1909.

1. **APPEAL: By State: On Plea in Abatement.** The State is not entitled to an appeal from a judgment of the circuit court sustaining defendant's plea in abatement to the indictment.

2. ———: ———: ———: **Equivalent to Motion to Quash.** A plea in abatement to the indictment is not a motion to quash. The State is entitled to an appeal or writ of error from a judgment in favor of defendant only when it is expressly allowed by statute. And the statute does not say that the State may appeal from a judgment sustaining defendant's plea in abatement to the indictment. It does say that it may appeal when an indictment is quashed or adjudged insufficient upon demurrer; but a plea in abatement based upon matters *dehors* the face of the indictment, is not a motion to quash or a demurrer.

Appeal from Jasper Circuit Court.—*Hon. Henry L. Bright,* Judge.

APPEAL DISMISSED.

*Elliott W. Major,* Attorney-General, and *John M. Atkinson,* Assistant Attorney-General, for the State.

GANTT, P. J.—On November 2, 1908, an indictment was returned by the special grand jury for Jasper county to Division No. One of the circuit thereof, then presided over by Hon. Haywood Scott, charging defendant with the crime of setting up and keeping "one poker table," in violation of the statutes of this State.

The indictment is in regular form and is duly signed by the prosecuting attorney of Jasper county and the foreman of the grand jury returned the same.

On January 9th thereafter, defendant filed his plea in abatement to said indictment, giving as a rea-

son, among others, that said indictment was not returned into open court, but was returned to Judge Scott after the circuit court room had been by his orders closed and all persons excluded from the room, except the prosecuting attorney and a deputy clerk, and because persons not authorized by law were permitted in the grand jury room.

On January 15th thereafter, the prosecuting attorney of said county filed a demurrer to said plea in abatement.

On January 23, 1909, said plea in abatement and demurrer thereto came on for hearing in said Division No. One, then presided over by Hon. Henry L. Bright. The court overruled the demurrer to the plea in abatement and sustained the plea to the indictment and discharged defendant. The State, through its prosecuting attorney, refused to plead further, duly saved an exception to the ruling of the court in overruling the demurrer to the plea, and in sustaining the plea in abatement to the indictment, and appeals to this court for a review as to the correctness of the ruling of the trial court in overruling the demurrer to the plea and sustaining the plea to the indictment.

The indictment, plea in abatement and demurrer to the plea are all set out at length in the record.

I.   This is one of the number of appeals from the Jasper Circuit, in all of which the right of the State to appeal from a judgment overruling a demurrer by the State to a plea in abatement of an indictment based upon matters *dehors* the face of the indictment itself, is challenged, and of course the first proposition is whether this court can entertain the appeal.

As a general rule the State has no right to a writ of error or to an appeal in a criminal prosecution, from a judgment in favor of a defendant, whether upon a verdict of acquittal or upon the determination by the court of a question of law, unless it be expressly con-

ferred by statute in the plainest and most unequivocal terms. [12 Cyc., p. 804; State v. Wear, 145 Mo. 162.]

As early as the State v. Rowe, 22 Mo. 328 (1855), this identical proposition was before this court for decision. In that case the defendant was indicted for taking unlawful toll. He appeared and filed his special plea. The State demurred to this plea and the circuit court overruled the demurrer and rendered judgment thereon for defendant, discharging him from said indictment, and the State appealed. The only question was, would an appeal be sustained on the part of the State upon that state of facts? Judge RYLAND, speaking for the whole court, said: "The statute concerning practice and proceedings in criminal cases must determine this question. Sections 9 and 10 of the 8th article of this act, are as follows: 'Section 9. The State, in any criminal prosecution, shall be allowed an appeal *only* in the cases and under the circumstances mentioned in the next succeeding section. Section 10. When any indictment is quashed or adjudged insufficient upon demurrer, or judgment is arrested, the circuit court, either from its own knowledge or from information given by the prosecuting attorney, may cause the defendant to be committed or recognized to answer another indictment; or, if the prosecuting attorney prays an appeal to the Supreme Court, the circuit court, may in its discretion, grant an appeal.' Now this case is not within either of the classes mentioned in this 10th section. There is no indictment quashed, nor is there any arrest of judgment, nor has this indictment been held insufficient on demurrer. Then, by the express words of the 9th section, an appeal will not be allowed. It is accordingly dismissed." Sections 2708 and 2709, Revised Statutes 1899, are to-day to all intents and purposes reproductions and continuations of sections 9 and 10 of article 8 of the Code of Criminal Practice and Proceedings of the Revised Statutes of 1845, p. 889.

The decision in State v. Rowe, *supra,* has been uniformly followed since its promulgation. [State v. Bollinger, 69 Mo. 577; State v. Heisserer, 83 Mo. 692; State v. Ross, 119 Mo. App. 401; State v. Risley, 72 Mo. 609.]

The adjudications of other states with statutory provisions like ours just quoted are to the same effect [State v. Minnick, 33 Ore. 158; People v. Snyder, 44 Hun 193; People v. Dempsey, 66 How. Prac. 371.]

It being obvious in this case that the indictment was not quashed on a motion to quash, nor was a demurrer thereto sustained, nor has the indictment been adjudged insufficient on a motion in arrest and as an appeal is only permitted the State in these cases, the motion to dismiss the appeal must be sustained and it is so ordered. *Burgess* and *Fox, JJ.,* concur.