STATE OF MISSOURI, Appellant, v. JOE McCOLLUM, Respondent.

**Springfield Court of Appeals, May 2, 1910.**

APPEAL AND ERROR: Criminal Law. In a criminal case the State does not have the right to appeal from the action of the lower court in overruling a demurrer to a plea in abatement to an indictment and in sustaining said plea.

Appeal from Jasper Circuit Court.—*Hon. Henry L. Bright,* Judge.

APPEAL DISMISSEI

*B. H. Coon* for appellant.

*Geo. E. Booth* for respondent.

NIXON, P. J.—On November 2, 1908, an indictment was returned by the special grand jury for Jasper county to Division No. 1 of the circuit thereof, then presided over by Hon. Haywood Scott, charging the defendant as a druggist with having unlawfully sold intoxicating liquors in less quantities than four gallons without a prescription. The indictment is in regular form and is signed by the prosecuting attorney of Jasper county, and the foreman of the grand jury returned the same.

On January 4th, thereafter, defendant filed his plea in abatement to said indictment, giving as a

reason, among others, that said indictment was not returned into open court, but was returned to Judge Scott after the circuit court room had been by his orders closed and all persons excluded from the room, except the prosecuting attorney and the deputy clerk, and because persons not authorized by law were permitted in the grand jury room.

On January 18, 1909, thereafter, the prosecuting attorney of said county filed a demurrer to said plea in abatement.

On January 23, 1909, said plea in abatement and demurrer thereto came on for hearing in said Division No. 1. The court overruled the demurrer to the plea in abatement and sustained said plea to the indictment. The State, through its prosecuting attorney, refused to plead further, duly saved an exception to the ruling of the court in overruling the demurrer to said plea, and in sustaining the plea in abatement to the indictment, and appeals to this court for a review of the ruling of the trial court in overruling the demurrer to the plea and sustaining the plea to the indictment. The indictment, plea in abatement, and demurrer are all set out at length in the record.

Respondent contends that the circuit court had no jurisdiction to grant an appeal in this case and has filed a motion asking that the appeal be dismissed. The question is therefore squarely presented as to whether this court can entertain such an appeal.

This case is one of several in which the same steps and proceedings were taken and in which the same question is presented. The case of State v. Craig, 122 S. W. 1006 (one of the cases) is decisive, the court holding that the appeal would not lie. As that opinion covers every phase of the question, it is referred to and adopted as the opinion of this court in this case.

The motion to dismiss the appeal will be sustained. All concur.