[1] The above named respondent Tolbert W. Hughes was charged in an information *Page 107 
issued by the Prosecuting Attorney of the City of St. Louis and filed in the St. Louis Court of Criminal Correction with practicing medicine without having a license from the State Board of Medical Examiners. The trial court sustained the defendant's motion to quash the information and ordered that "the defendant be discharged and go hence without day." The order of discharge was entered on May 17, 1948, and on May 25, 1948, the State filed a motion for a new trial which was overruled on the same day. On May 26, 1948, the State filed an affidavit for appeal which was granted by the court on said date.
[2] The information was in three counts. In the first count it was charged that defendant Hughes in the City of St. Louis, on February 16, 1948, and on other days prior thereto within one year next preceding the filing of the information, did wilfully, wrongfully and unlawfully practice medicine without having a license from the State Board of Medical Examiners of the State of Missouri, contrary to the form of the statute in such case made and provided, and against the peace and dignity of the State. In the second count of the information it was charged that on the same date and other dates defendant, in said city, did wilfully, wrongfully and unlawfully attempt to treat the sick and others afflicted with bodily and mental infirmities without having a license from the State Board of Medical Examiners of the State of Missouri. In count No. 3 of the information it was charged that on the same date and days defendant Hughes, in said city, not being the holder of a license from the State Board of Medical Examiners of the State of Missouri, did wilfully, wrongfully and unlawfully by circular, card, telephone directory and other means, represent and advertise that he was authorized to practice medicine and surgery in this State and to treat the sick and others afflicted with bodily and mental infirmities.
[3] Defendant Hughes' motion to quash alleged that the information depended for its legality upon Section 9988 of the Laws of Mo. 1945, page 1147, Mo.R.S.A. § 9988; that the prosecution thereunder was illegal for the reason that said Section 9988 of the Laws of Mo. 1945 "is in conflict with, repugnant to, and in violation of Section 23, Article III, of the Constitution of the State of Missouri [Mo.R.S.A.Const. 1945], in this: That the Act of the Legislature, in which said Section 9988 is found, is the result of the passage of Senate Bill No. 424 by the 63rd General Assembly, State of Missouri, but said Section was not included in the title of said Act; that said Senate Bill, as finally passed by the Legislature, was an Act to repeal certain sections of the Statutes of Missouri and certain laws of Missouri amending said Statutes, and also an act to enact in lieu of said repealed sections certain other sections, but that said title included neither the enactment of said section nor the repeal of the corresponding numbered section of the Statutes which it would necessarily supersede; that said title to said act in order to express the purpose of the bill and the law, because of the particular character of the Act, necessarily descended to particulars, namely, the repeal of certain sections and the reenactment in lieu thereof of certain other sections, and that therefore said particulars became the subject of the act with which, under the authority of the Constitution, the bill would necessarily have to conform. Since, therefore, the said Section 9988 not being contained in the title of the act, was and is beyond said title and therefore not expressed in said title to said act, and is unconstitutional and void."
[4] Defendant's said motion to quash the information further alleged that said Section 9988 was not contained in Section 1 of said act, Section 1 being the Section of said act indicating and determining which Sections of the statute were repealed and which new Sections were enacted.
[5] The court sustained defendant's motion to quash the information, after which the State as plaintiff filed a motion for new trial, which was overruled by the court. The State was allowed an appeal to the Supreme Court where on motion of the Attorney General the cause was transferred to this court on the ground that the Supreme Court "is without jurisdiction to hear and determine this cause." *Page 108 
[6] Respondent Hughes has filed in this court a motion to dismiss the appeal on the ground that he as defendant was discharged by the trial court; that the judgment of the trial court was and is final in his favor, and that the court thus lost jurisdiction of the defendant and that the State cannot appeal from such final judgment.
[7] We are of the opinion that respondent's motion to dismiss the appeal must be sustained. There is no rule of law more firmly established in our practice than the rule holding that the right of appeal is based upon statute and, absent a statute granting the right of appeal, no such right exists. See State v. Hunter, Mo.App., 198 S.W.2d 544, 546, wherein this court said: "The rule that an appeal is not allowed in any case unless provided for by statute applies with peculiar fitness to an appeal by the state in a criminal prosecution." See also to the same effect, State v. Clipper, 142 Mo. 474, 44 S.W. 264; State v. Beagles, 174 Mo. 624, 74 S.W. 851; State v. Craig, 223 Mo. 201, 122 S.W. 1006; State v. Reisman, 225 Mo.App. 637, 37 S.W.2d 675.
[8] The right of appeal by the State in a criminal prosecution is governed by Sections 4142 and 4143, R.S.Mo. 1939, Mo.R. S.A. §§ 4142 and 4143. The first of the above named Sections provides that appeals by the State in a criminal prosecution shall be allowed "only in the cases * * * mentioned in the next succeeding section." (Emphasis ours.) The "next succeeding section" which is Section 4143, supra, provides:
[9] "When any indictment or information is adjudged insufficient upon demurrer or exception, or where judgment thereon is arrested or set aside, the court in which the proceedings were had, either from its own knowledge or from information given by the prosecuting attorney that there is reasonable ground to believe that the defendant can be convicted of an offense, if properly charged, may cause the defendant to be committed or recognized to answer a new indictment or information, or if the prosecuting attorney prays an appeal to an appellate court, the court may, in its discretion, grant an appeal."
[10] The facts of record herein show plainly that the State has not brought itself within any of the provisions of Section 4143, supra, and is, therefore, not entitled to an appeal. The information on which the prosecution was based was not "adjudged insufficient upon demurrer or exception" nor was any judgment in favor of the State "arrested or set aside" as required by Section 4143, supra, as a prerequisite to an appeal by the State. The information was quashed on matters dehors the record. Defendant-respondent's motion to quash was based upon the contention that the new Section 9988, Laws Mo. 1945, page 1147, upon which the prosecution was grounded, was unconstitutional and void because said Section was enacted in a manner in violation of Section 23, Article III of the Constitution of Missouri with respect to the title to said Section. The State did not file any reply to defendant's motion to quash the information nor did it contend that the new Section 9988, supra, was properly enacted in accordance with the requirements of the Constitution. On the contrary, the State admits in its brief in this court that "no mention is made in either the title or the enacting section of Senate Bill 424 of either the repeal of Section 9988, Revised Statutes of Missouri, 1939, or the enactment of a new section in lieu thereof." This was exactly what the defendant contended in his motion to "quash" the information.
[11] All of these undisputed facts show that the information was not held insufficient because of any defect in the information itself and was "quashed" because of matters not appearing in the information nor on the face of the record. Therefore, this is not the kind of a case in which the State is entitled to an appeal under the plainly limited provisions of Section 4143, supra.
[12] The State admits in its brief in this court that the new Section 9988 found in Senate Bill 424 was not properly enacted in view of the requirement of Section 23, Article III of the Missouri Constitution, which provides that the subject of the legislative bill must clearly be expressed in its title. The State contends, however, that Senate Bill 424 was obviously intended *Page 109 
solely to transfer to the State Board of Medical Examiners certain licensing powers previously vested in the State Board of Health.
[13] The State contends that although Senate Bill 424 failed to enact a valid new Section 9988, nevertheless the repealing act being invalid, the previous act stands. In support of this contention, the State argues: "By implication that portion of Section 9988, R.S. Missouri 1939, prescribing penalties for the practice of medicine, surgery, etc., without a license from the State Board of Health has been repealed and substituted for by the passage of the Laws of 1945, page 1146, creating a State Board of Medical Examiners, and by Section 9982 of Senate Bill 424, page 1148, of said Laws of 1945, transferring to said Board of Medical Examiners general supervision over the registration and licensing of all practitioners of medicine, surgery, etc., and as so amended is still in full force and effect."
[14] We find ourselves unable to agree with the views and argument of the State. It must be remembered that the court on sustaining defendant's motion to quash the information also entered an order discharging the defendant from custody to "go hence without day." That was a complete and final judgment in favor of the defendant. State v. Gregory, 38 Mo. 501. No appeal by the State from such a judgment is provided for in any statute of this State
[15] Furthermore, although the motion of defendant in the trial court was entitled "Motion to Quash" it was in fact a plea in abatement. It did not attack the information for insufficiency in the information itself, but was based upon allegations that the Legislature in enacting new Section 9988 did not proceed in accordance with the requirements of the Constitution with respect to the title of the act. A plea in abatement brings to the court's attention matters outside the record which render the indictment or information invalid. It is not disputed in the case at bar that the "Motion to Quash," as it was mis-labeled, was clearly based upon matters dehors the record which made it in substance and in fact a plea in abatement. The mere fact that the instrument was mis-labeled does not prevent us from giving it its proper legal effect according to its substance. State v. Bright, Mo.App., 263 S.W. 559. It has been held that the State has no right of appeal from an order sustaining a plea in abatement. State v. Bright, supra.
[16] Sections 4142 and 4143 of the statutes, supra, which designate the only situations and circumstances under which the State may be allowed an appeal are the same now as they were in 1929 when they were construed and applied in the case of State v. Carson, 323 Mo. 46, 18 S.W.2d 457, 459. In that case the court, after setting forth the provisions of the statute which is now Section 4143, supra, said:
[17] "`* * * or if the prosecuting attorney prays an appeal to an appellate court, the court may, in its discretion, grant an appeal.' That, of course, can only mean while the defendant isstill in custody.
[18] "The form of final judgment in favor of the defendant is set out in State v. Gregory, 38 Mo. [501], 502, cited by defendant, and that form closes with the determination that the said defendant `be dismissed and discharged of the said indictment, and that he go thereof without day'. * * *
[19] "If the judgment is final in favor of the defendant, he is discharged. Then how could the court cause him `to be committed or recognized to answer a new information or indictment?' Thecourt has lost jurisdiction over him. * * *
[20] "Inevitably that must be before a final judgment. Otherwise the statute has no meaning. * * *
[21] "Thus the Legislature determined that the trial court has no further jurisdiction over a defendant in whose favor a final judgment has been rendered, discharging him from custody. * * *
[22] "But if the prosecutor waits until after there is a final judgment and discharge of the defendant, then he cannot appeal; if he desires a review of the cause, he must sue out a writ of error as provided in section 4101." (Emphasis ours.) State v. Carson, 323 Mo. 46, 53, 18 S.W.2d 457, 459. Section 4101 is now Section 4145, R.S.Mo. 1939, Mo.R.S.A. *Page 110 
[23] In the case at bar the State did not ask that the "defendant be committed or recognized to answer a new information," nor did it "pray an appeal to an appellate court." The State merely requested that it have time within which to file a motion for a new trial, but the record conclusively shows that this request was made after the defendant was "discharged to go hence without day."
[24] The right of appeal is jurisdictional. Love v. White, 348 Mo. 640, 154 S.W.2d 759.
[25] Inasmuch as it clearly appears that the State did not bring itself within the provisions of the statute, Section 4143, supra, which provides for the only circumstances in which the State is entitled to appeal, it follows that we must dismiss the appeal. It is so ordered.
[26] ANDERSON, P. J., and HUGHES, J., concurs.