STATE OF MISSOURI, Appellant, v. HARDY POTTINGER, Respondent, No. 44611—287 S. W. (2d) 782.

Division Two, March 12, 1956.

*John M. Dalton,* Attorney General, and *Donal D. Guffey,* Assistant Attorney General, for appellant.

*Joslyn & Joslyn, L. D. Joslyn* and *T. B. Russell* for respondent.

[782]  LEEDY, J.—Hardy Pottinger (herein called defendant) was prosecuted in the Circuit Court of Mississippi County for the felony of obtaining money under false pretenses. The jury returned a verdict of guilty, and fixed [783] his punishment at imprisonment in the penitentiary for a term of two years. On the same day the court, acting on its own motion, ordered that this verdict be set aside (on the ground that the court should have sustained defendant's motions for a judgment of acquittal offered at the close of the state's case in chief, and at the close of all of the evidence), and entered in defendant's favor a judgment of acquittal, from which order and judgment the state prosecutes this appeal.

The action of which the state complains is more fully reflected in those portions of the record of the trial subsequent to the coming in of the verdict, as follows:

"Whereupon, the court orders the clerk to enter and file the verdict aforesaid.

"Now in the presence of the Prosecuting Attorney and the defendant, as well as his attorneys, Joslyn & Joslyn, the Court announces that it has decided that it should have sustained defendant's motion for acquittal filed at the close of the State's case, and erroneously overruled the same; and that the Court should have sustained defendant's motion for acquittal filed at the close of all the evidence in the case and erroneously overruled the same; that the Court is at this time setting aside the verdict of the jury for the reason that the Court has concluded as a matter of law the testimony in evidence in the case is not sufficient to sustain a judgment of conviction of the offense charged. For that reason does hereby set aside the jury verdict and enters its order of acquittal for the defendant.

"It is therefore considered, ordered and adjudged by the Court that the defendant go hence without day, fully acquitted and discharged; and that he recover of the State of Missouri his costs in this behalf expended and incurred, and that a bill of said costs be certified to the State Auditor for allowance and payment."

Contending that neither the statutes or the rules of criminal procedure contemplate or permit an appeal by the state from such an order and judgment, defendant filed in this court his motion to dismiss the state's appeal, which was ordered taken with the case. We proceed, then, to a determination of the question raised by the motion.

Rule 28.04, governing appeals by the state, provides as follows: "The state shall be entitled to take an appeal in the following cases and in no others:

"(a) when, prior to judgment, upon motion or upon the court's own view, it is adjudged that an indictment or information is insufficient;

"(b) when a judgment is arrested or set aside."

Rule 27.22 specifies the grounds upon which the court may arrest or set aside a judgment, as follows:

"The court may, of its own initiative, arrest or set aside the judgment before the transcript of the record is filed in the appellate court if an appeal be taken, and in any event not later than thirty days after entry thereof, upon either of the following grounds:

"(1) that the facts stated in the indictment or information do not constitute an offense, or

"(2) that the court is without jurisdiction of the offense charged. The effect of such an arrest of judgment shall be to place the defendant in the same situation he was before the indictment was found or the information filed."

The statute this rule was intended to supplant is § 547.050. Obviously, the court did not base its action upon the authority conferred by Rule 27.22 or § 547.050, because insufficiency of the evidence is not comprehended within the terms of either as a ground for arresting or setting aside a judgment in a criminal case.

It is to be borne in mind that there is no provision in the rules of criminal procedure [784] corresponding to § 510.290 (applicable only in civil cases) to the effect that if a motion for a directed verdict is denied or for any reason is not granted, the court is deemed to have submitted the case to the jury subject to a later determination of the legal question raised by the motion, and further providing that a party who has moved for a directed verdict may within ten days move to have the verdict set aside, and to have judgment entered in accordance with the motion for a directed verdict. In such respect, the procedure prevailing in the two types of cases is wholly unlike.

In any view that may be taken of the court's action, it is certain that there was no warrant in law for entering a judgment discharging the prisoner at the stage of the proceedings indicated. This is true even if it be conceded that the evidence was not sufficient to sustain the charge, but we do not reach the merits of the latter question because of the disposition we find it necessary to make of the defendant's motion to dismiss.

In support of its right to appeal in the case at bar, the state invokes paragraph (b) of Rule 28.04, contending that the action of the trial court in setting aside the verdict and entering a judgment of acquittal "constitutes an arrest of judgment." Taken literally, the terms of that paragraph may lend color to the state's view. But it is to be remembered that this rule was established pursuant to the rule-making power conferred on the Supreme Court by Art. V, § 5, Const. of Missouri. Limitations upon the exercise of that power are thus enumerated in the section just mentioned: "The rules *shall not change* substantive rights, or *the law relating to* evidence, the oral examination of witnesses, juries, the right of trial by jury, or *the right of appeal*." (Italics mine.) In consequence of these limitations Rule 28.04 could not constitutionally change the state's right of appeal as it existed as of the effective date of the rule, by enlarging or extending it to other matters, subjects or things, nor do we think it purports to do so. The rule is derived from § § 547.200 and 547.210 under which the right was limited to those instances, and only those, where "any indictment or information is adjudged insufficient upon demurrer or exceptions, or where judgment *thereon* is arrested or set aside." True, paragraph (b) does not say, in terms, as did the statute, that the arrest or setting aside of a judgment, to be appealable, shall be upon an adjudication of insufficiency of the indictment or information, but such is the plain import of the paragraph notwithstanding the omission of the word "thereon."

As said in State v. Craig, 223 Mo. 201, 202, 122 S.W. 1006, "As a general rule the State has no right to a writ of error or to an appeal in a criminal prosecution, from a judgment in favor of a defendant, whether upon a verdict of acquittal or upon the determination by the court of a question of law, unless it be expressly conferred by statute in the plainest and most unequivocal terms. [12 Cyc., p. 804; State v. Wear, 145 Mo. 162.]" In the Craig case the state appealed from a judgment sustaining defendant's plea in abatement to an indictment, and it was held the appeal would not lie because sustaining a plea in abatement did not come within the terms of the statute which provided that an appeal would lie when an indictment is quashed or adjudged insufficient on demurrer.

In State v. Bollinger, 69 Mo. 577, defendant had entered plea of guilty to a charge of murder in the second degree, and sentenced to imprisonment for a term of ten years. He then moved to arrest the

judgment on the ground that at the time of the commission of the offense he was a slave, and as such not liable to punishment. The motion in arrest was sustained, and the state appealed. It was there held that the state's right of appeal was limited to those cases where, either on motion to quash, on demurrer or on motion in arrest of judgment, the indictment had been adjudged insufficient either in form or substance. In so holding, the court said: "The first question which the record before us presents is, whether the state can prosecute an appeal under the circumstances disclosed upon [785] the face of it. Sections 13 and 14, Wag. Stat. 1114 provide as follows: 13. 'The state in any criminal prosecution shall be allowed an appeal *only* in the cases and under the circumstances mentioned in the next succeeding section.' 14. 'When any indictment is quashed, or adjudged insufficient on demurrer, or when judgment *thereon* is arrested, the court in which the proceedings were had either from its own knowledge, or from information given by the prosecuting attorney and there is reasonable ground to believe the defendant can be convicted of an offense, if properly charged, may cause the defendant to be committed or recognized to answer a new indictment: or if the prosecuting attorney prays an appeal to the supreme court, the court may in its discretion grant an appeal.' We think it clear that under the above sections the right of the state to prosecute an appeal is limited to those cases where the indictment has been adjudged to be insufficient either on motion to quash, on demurrer, or motion in arrest of judgment because of defective indictment." State v. Risley, 72 Mo. 609; State v. Heisserer, 83 Mo. 692; State v. Ashcraft, 95 Mo. 348, 8 S.W. 216; State v. Rowe, 22 Mo. 328.

State v. Burgdoerfer, 107 Mo. 1, 17 S.W. 646, 14 L.R.A. 846, on which the state relies in its reply brief, while critical of certain recitals in the Bollinger case, agrees that the statute there under scrutiny had not provided an appeal on behalf of the state, nor did it regard the Bollinger case as decisive of the appeal question in Burgdoerfer's case, which was held to extend to the state in all cases in which the indictment was for any reason held insufficient on motion to quash, on demurrer, or on motion in arrest.

No appeal can be taken by the state in the case at bar because it does not come within Rule 28.04, nor the statute, § 547.210, which the rule was intended to supplant. The appeal is, therefore, dismissed. All concur.