STATE of Missouri, Appellant,

v.

Willard Marvin BROOKS, Respondent.

No. 50067.

Supreme Court of Missouri,

Division No. 2.

Nov. 11, 1963.

Thomas F. Eagleton, Atty. Gen., Jefferson City, Bill D. Burlison, Sp. Asst. Atty. Gen., Cape Girardeau, for appellant.

Strom & Strom, Stephen E. Strom, Cape Girardeau, for respondent.

EAGER, Judge.

Defendant was charged by information with burglary and stealing, supposedly occurring on December 20, 1962. More specifically, the State charged that defendant broke and entered a building "the property of the estate of Paul Harris (Lucille Overbeck, administratrix)" and stole two guns "the property of said estate." The information was filed on February 19, 1963; defendant was arraigned on that day and entered a plea of not guilty. On the same day defendant filed his motion to dismiss the information and to discharge the defendant for the reasons: that the information failed to charge a criminal offense in that the building and personal property in question were specifically alleged to be the property of the Paul Harris estate, that defendant was a lawful heir or devisee of Harris, and that he was lawfully entitled to enter the said premises and take the said personal property into his possession.

Also, on the same day, February 19, 1963, the parties filed a stipulation to the following effect: that Paul Harris died on December 11, 1962, leaving ten nieces and nephews and two children of a deceased nephew as his heirs; that defendant was a nephew and heir; that letters of administration were granted to Lucille Overbeck on January 4, 1963, but that no application for letters had been made prior to such date; that on February 8, 1963, the will of Paul Harris was filed and admitted to probate, which will provided for the payment of debts and bequeathed all of the residue to Harris' wife, who had predeceased him; that the will made no other disposition of the property, and that thereupon Lucille Overbeck was appointed Administratrix with the Will Annexed.

On the same day, namely, February 19, 1963, defendant's motion was presented and taken under advisement. On the next day the following order was entered: "Now on this day Defendant's Motion to Dismiss Information and to Discharge Defendant, is hereby sustained by the Court and costs ordered certified to the County for Payment in the above entitled cause." It is from that order that the State has appealed within due time.

We must first consider whether the appeal vests any jurisdiction here. In so stating, we are not intimating that an ap-

peal in a felony case, if valid at all, would vest jurisdiction elsewhere. The essential question in this case is whether the State was entitled to appeal at all. It has often been stated that the State has a right of appeal in a criminal case only in those instances for which specific provision is made. State v. Hughes, Mo.App., 223 S.W. 2d 106; State v. Pottinger, 365 Mo. 794, 287 S.W.2d 782; State v. Craig, 223 Mo. 201, 122 S.W. 1006; State v. Marshall, 124 Mo. 483, 27 S.W. 1107; State v. Bright, Mo.App., 263 S.W. 559; State v. Hunter, Mo.App., 198 S.W.2d 544; State v. Ulmer, Mo., 351 S.W.2d 7. Those provisions are contained in §§ 547.200 and 547.210, RSMo 1959, V.A.M.S., and in Crim. Rule 28.04, V.A.M.R. which is as follows: "The state shall be entitled to take an appeal in the following cases and in no others: (a) when, prior to judgment, upon motion or upon the court's own view, it is adjudged that an indictment or information is insufficient; (b) when a judgment is arrested or set aside." The statutory sections just cited are of the same general substance as the rule and they prescribe what has long been the Missouri law.

■ In construing these sections of the statutes (and where appropriate, the Rule) our courts have consistently held that the only cases in which the State is thus permitted to appeal are those in which the indictment or information has been adjudged insufficient because of defects or insufficiencies in the indictment or information itself; and an appeal is not permitted where an indictment or information has been adjudged insufficient because of matters "dehors the record" and which do not appear in such indictment or information. State v. Hughes, Mo.App., 223 S.W.2d 106; State v. Bright, 263 S.W. 559; State v. Craig, 223 Mo. 201, 122 S.W. 1006; State v. Pottinger, 365 Mo. 794, 287 S.W.2d 782. In Hughes, supra, the court said at 223 S.W.2d loc. cit. 108: "All of these undisputed facts show that the information was not held insufficient because of any defect in the information itself and was 'quashed'

because of matters not appearing in the information nor on the face of the record. Therefore, this is not the kind of a case in which the State is entitled to an appeal under the plainly limited provisions of Section 4143, supra." In Pottinger, supra, the Court said in part, at 287 S.W.2d loc. cit. 785: "'We think it clear that under the above sections the right of the·state to prosecute an appeal is limited to those cases where the indictment has·been adjudged to be insufficient either on motion to quash, on demurrer, or motion in arrest of judgment because of defective indictment.' State v. Risley, 72 Mo. 609; State v. Heisserer, 83 Mo. 692; State v. Ashcraft, 95 Mo. 348, 8 S.W. 216; State v. Rowe, 22 Mo. 328." See, also, State v. Ulmer, Mo., 351 S.W.2d 7, where the Court said at loc. cit. 10: "It seems clear that the insufficiency of the information referred to by the legislature in Section 547.210 and restated in Rule 28.04 refers to the 'insufficiency of accusation' contained in an indictment or information and does not mean an 'insufficiency' implied, if at all, solely by reason of the fact that an information or indictment has been quashed or dismissed. See again State v. Pottinger, supra; and see State v. Hunter, Mo.App., 198 S.W.2d 544, 546 [4], 547 [5]; State v. Reisman, 225 Mo. App. 637, 37 S.W.2d 675, 677 [3]; State v. Clipper, 142 Mo. 474, 44 S.W. 264; State v. Bollinger, 69 Mo. 577, 580."

The State insists that, since the information followed the form of the statutes on burglary and stealing, it did charge criminal offenses and a dismissal was improper. State v. Crouch, Mo., 353 S.W.2d 597, 601; State v. Anderson, Mo., 232 S.W.2d 909, 911. That contention does not reach the real point involved.

■ The parties here did not submit an attack based solely on the sufficiency or insufficiency of the information, within itself, to state an accusation. They filed a stipulation with the motion, and we can only assume that the Court considered it. That stipulation set out facts to support

defendant's contention and defense that he could not be guilty of burglary or stealing because he was "a lawful heir * * *." The effect of the court's order has been and is a discharge on the merits, and its effect is not lessened by the fact that the decision was made "upon the determination by the court of a question of law; * * *." State v. Craig, 223 Mo. 201, 122 S.W. 1006. To this end the order could properly have been amplified somewhat, but the State has recognized it as a final order and judgment by attempting this appeal.

Cases are cited, largely by way of analogy, as indicating whether defendant would or would not be guilty of burglary on the facts charged and stipulated. We shall not cite or discuss these, nor attempt to indicate a view on the merits. And, for our present purpose, it is immaterial whether the trial court was right or wrong on the merits. There being no appeal properly here, the appeal is dismissed

All of the Judges concur.