STATE of Missouri ex rel. James S. COR-
CORAN, Circuit Attorney for the City of
St. Louis, State of Missouri, Relator,

v.

Honorable William E. BUDER, Judge of the
Circuit Court of the City of St. Louis,
State of Missouri, Respondent.

No. 33110.

St. Louis Court of Appeals.
Missouri.

May 21, 1968.

James S. Corcoran, Circuit Atty., James E. Darst, First Asst. Circuit Atty., St. Louis, for relator.

Shifrin, Treiman, Schermer & Susman, Thadeus F. Niemira, Donald R. Carmody, St. Louis, for respondent.

RUDDY, Judge.

This is an original proceeding in Mandamus filed in this court by James S. Corcoran, Circuit Attorney for the City of St. Louis, seeking our writ commanding Respondent, a Judge of the Circuit Court of the City of St. Louis, to vacate his order sustaining a Motion to Dismiss an Information filed against Walter Floyd Little. Our Alternative Writ of Mandamus directed to Respondent was ordered to issue.

On July 7, 1967 Little was charged by warrant and later by information with unlawfully and feloniously selling to one Royce Boone on the fifth day of January, 1967, a Stimulant Drug (Amphetamine). Defendant waived his preliminary hearing in the St. Louis Court of Criminal Correction and on his arraignment in the Circuit Court he formally entered a plea of not guilty. Thereafter, counsel for defendant filed a Motion to Dismiss the Information and to suppress any evidence seized by the police on January 5, 1967.

The aforesaid Motion alleged that Sections 195.240 and 195.270 RSMo 1959, V.A.M.S., on which said information is based, are unconstitutional in that they violate the due process clause of the Fifth Amendment and of the Fourteenth Amendment to the Constitution of the United States. It is further alleged that the information does not charge an offense against the defendant and that defendant has been deprived of due process of law in violation of the Sixth Amendment and Fourteenth Amendment to the Constitution of the United States and further alleges unreasonable search and seizure. The allegation in said Motion to Dismiss pertinent to our discussion is as follows:

"The defendant has been denied due process of law in violation of the Fifth Amendment and the Fourteenth Amendment to the Constitution of the United States and has been deprived of the equal protection of the laws in violation of the Fourteenth Amendment to the Constitution of the United States, in that, the information filed against the defendant reveals on its face that the alleged sale took place on January 5, 1967 but the State did not promptly arrest the defendant and advise him of his constitutional rights and an information was not filed against the defendant until July 14, 1967. Defendant further believes that such conduct by the police is a violation of police administrative regulations and procedure and that such violation constitutes a further deprivation of the defendant's due process and equal protection constitutional rights."

Subsequent to filing the aforesaid Motion to Dismiss the Information and to suppress any evidence seized by the police on January 5, 1967 the aforesaid motion was taken up by the court at which time testimony was heard. We have not been favored with a transcript of this testimony by either the Relator or the Respondent. However, it appears from the briefs of the parties that the testimony

concerned the date of the seizure of the evidence by the police and the circumstances surrounding the search that resulted in the seizure of the evidence and the subsequent arrest. Subsequent to the hearing, namely, October 4, 1967, the Respondent entered the following order: "Motion to Dismiss Granted, Motion to Suppress Denied." Thereafter, Relator filed a Motion for Rehearing, asking the court to " * * * grant a rehearing on the defendant's Motion to Dismiss." On November 2, 1967 Respondent entered the following:

"Order of Court:

\* \* \* \* \* \*

"The Information filed herein alleges that the offense was committed on or about January 5, 1967, and the evidence indicates that defendant was arrested and charged approximately six (6) months later.

"The facts do not reveal a situation where defendant departed from the city or otherwise disappeared but rather shows defendant was in police custody on a number of occasions during such six (6) month period. The Court fully appreciates that under certain circumstances there may be valid cause for delay but the evidence herein demonstrates no justification for the undue delay presented herein.

"Motion for Rehearing denied and overruled. So ordered.

"William E. Buder
Judge"

On the day this last order was entered, namely, November 2, 1967, Relator filed a notice of appeal to the Supreme Court of Missouri from the order of Respondent " * * * sustaining Defendant's Motion to Dismiss and overruling State's Motion for Rehearing, * * *" further reciting that under said order defendant was discharged. We were informed at the oral argument that nothing further has been done to implement or perfect this appeal by Relator. On the following day, namely, November 3, 1967, Relator filed this proceeding in Mandamus in this court.

Relator contends that the Respondent had no authority or jurisdiction to dismiss the information on the ground that there was no justification for the delay in arresting defendant six months after the offense was committed. Before discussing this contention raised by Relator we dispose of several contentions made by counsel for the Respondent, who are also counsel for defendant, Little.

█ Respondent contends that this court does not have jurisdiction to issue Mandamus in this case since the proceeding in the lower court involves a felony case and constitutional issues and, therefore, the jurisdiction is in the Supreme Court; in effect, contending that we have jurisdiction in Mandamus only in those matters in which we would have appellate jurisdiction. Respondent cites the case of State ex rel. Douglas v. Tune, Mo.App., 191 S.W. 1078. This case was decided in 1917. Under the Constitution of 1945, Article V, § 4, V.A.M.S., we have concurrent jurisdiction with the Supreme Court in the exercise of superintending control over all inferior courts and may issue remedial writs to accomplish that control and this is so, notwithstanding constitutional questions and other questions over which the Supreme Court has exclusive jurisdiction on appeal are directly raised in the pleadings under review. State ex rel. City of Creve Coeur v. Weinstein, Mo.App., 329 S.W.2d 399 and State ex rel. City of Mansfield v. Crain, Mo.App., 301 S.W.2d 415.

█ Respondent also contends that Relator's proper remedy is by appeal and since Relator has filed in the trial court a Notice of Appeal to the Supreme Court

he is now relegated to that relief and by filing said Notice of Appeal has conceded that this court does not have jurisdiction in this Mandamus proceeding. We do not agree for a reason that will appear later. We digress a moment to comment on a trend of thought that wends its way through Respondent's brief. Respondent's brief states that Respondent did not expressly spell out his reasons for sustaining defendant's Motion to Dismiss, reminding us that the Motion contained numerous attacks on the sufficiency of the Information and that it must be presumed that the Relator would not be left without his normal remedy under Criminal Rule 28.04, V.A.M.R. We think that Respondent did expressly spell out his reason for sustaining defendant's Motion to Dismiss in his Order of November 2, 1967, wherein he overruled and denied Relator's Motion for Rehearing. Also, we point out that Respondent denied and overruled defendant's Motion to Suppress the evidence seized by the police. This action of Respondent had the effect of finding the search and seizure to be reasonable and lawful and, therefore, to find against the defendant on such allegations contained in his Motion to Dismiss and to suppress the evidence charging unreasonable search and seizure. If Respondent had found the information to be insufficient he would have so stated in his order of November 2, 1967. Further, if Respondent found the information insufficient such a determination could have been made from the face of the information and there would have been no need to resort to the taking of testimony. Obviously, the purpose of taking the testimony was to inform the court of the date of the seizure of the evidence by the police and the circumstances surrounding the search that resulted in the seizure of the evidence and the arrest that followed some six months later. These are matters dehors the record and needed the taking of oral testimony. We rule that Respondent did spell out the sole basis

and scope of his ruling sustaining defendant's Motion to Dismiss and that the reason given in his order of November 2, 1967 is the only reason for his action. Bearing this in mind we return to Respondent's contention that Relator's proper remedy is by appeal. It is true that Relator did file in the trial court a Notice of Appeal to the Supreme Court but we were advised at the oral argument that Relator has taken no further steps to perfect said appeal because he entertains grave doubt as to his right to appeal Respondent's action in dismissing the information filed against the defendant for the reason given by Respondent in his order entered November 2, 1967. An appeal is not finally perfected until a transcript is filed in the appellate court. State ex rel. Thompson v. Terte, 357 Mo. 229, 207 S.W.2d 487, 490; A. A. Electric Machinery Co. v. Block, Mo.App., 193 S.W.2d 631, 635.

■ The right of the state to appeal is limited to those instances enumerated in Section 547.210, RSMo 1959, V.A.M.S., the pertinent part of which provides: "When any indictment or information is adjudged insufficient upon demurrer or exception, or where judgment thereon is arrested or set aside, * * * if the prosecuting attorney prays an appeal to an appellate court, the court may, in its discretion, grant an appeal." Section 547.200, RSMo 1959, V.A.M.S. provides: "The state, in any criminal prosecution, shall be allowed an appeal only in the cases and under the circumstances mentioned in section 547.210." Criminal Rule 28.04 V.A.M.R. derived from Sections 547.200 and 547.210 provides as follows: "The state shall be entitled to take an appeal in the following cases and in no others:

"(a) when, prior to judgment, upon motion or upon the court's own view, it is adjudged that an indictment or information is insufficient;

"(b) when a judgment is arrested or set aside."

In the case of State v. Brooks, Mo., 372 S.W.2d 83, at 1. c. 85, the Supreme Court said: "In construing these sections of the statutes (and where appropriate, the Rule) our courts have consistently held that the only cases in which the State is thus permitted to appeal are those in which the indictment or information has been adjudged insufficient because of defects or insufficiencies in the indictment or information itself; and an appeal is not permitted where an indictment or information has been adjudged insufficient because of matters 'dehors the record' and which do not appear in such indictment or information. * * *" To the same effect see State v. Pottinger, 365 Mo. 794, 287 S.W.2d 782. The right of appeal by the state is limited to those instances, and only those, where "* * * 'any indictment or information is adjudged insufficient upon demurrer or exceptions, or where judgment thereon is arrested or set aside.' * * *" State v. Pottinger, supra. The statute or rule which bestows such right of appeal on the state is to be construed strictly. State v. Clipper, 142 Mo. 474, 44 S.W. 264. Therefore, the state may appeal only in those cases where the court holds that the information was insufficient because of some defect in the information itself and where evidence is required by the court to support its dismissal of the information no appeal is allowed by the state in such an instance. Consequently, we are forced to the conclusion, from what we have said, that the remedy by appeal is inadequate, in fact is unavailable to the state and Relator. Respondent's contentions in that regard must be denied. We so rule because it is obvious that the Respondent in his order dismissing the indictment considered matters "dehors the record" and which do not appear in the information. Also, it is obvious Respondent's order did not arrest or set aside a judgment.

■ Respondent contends that mandamus will not lie to control the discretion of a court or to compel its exercise in a particular manner, citing State ex rel. Burke v. Ross, Mo.App., 420 S.W.2d 365, 368. We have no quarrel with this contention, but we do not feel that the court's action in the instant case involved the exercise of discretion. As said in the case of State ex rel. Burke v. Ross, where under the facts the action of the court can be legally exercised in but one way, mandamus will lie. Mandamus will lie where the court has acted in excess of its jurisdiction in a case rightfully before it. We think this is a case where Respondent exceeded his jurisdiction as we shall point out later and, therefore, mandamus may be maintained. State ex rel. Dowd v. Nangle, 365 Mo. 134, 276 S.W.2d 135; State ex rel. Downs v. Kimberlin, 364 Mo. 215, 260 S.W.2d 552; State ex rel. Orr v. Latshaw, 291 Mo. 592, 237 S.W. 770.

The sole reason given by Respondent for dismissing the information against defendant was that the evidence taken at the hearing indicated defendant was arrested and charged approximately six months after the offense was committed. Respondent found that the evidence demonstrated that there was no justification for the undue delay in effecting the arrest approximately six months after the offense was committed. Respondent has not referred us to any statute or provision of the law which required an arrest to be made in the instant case before the end of the six month period referred to by Respondent. Section 541.200 RSMo 1959, 38 V.A.M.S. provides: "No person shall be tried, prosecuted or punished for any felony, other than as specified in section 541.190, unless an indictment be found or information be filed for such offense *within three years after the commission of such offense, * * *."* The information in the instant case was filed charging the commission of the offense within this period of limitation.

■ There is nothing in the statutory law or in the provisions of the State or Federal Constitutions, relied on by Respondent, that requires an arrest to be made immediately following the arresting officers' knowledge of probable cause. Dailey v. United States, 5 Cir., 261 F.2d 870. In the case of Hoffa v. United States, 385 U.S. 293, 87 S.Ct. 408, 17 L.Ed.2d 374, the petitioner contended that the government had sufficient grounds for taking him into custody and charging him with endeavors to tamper with the jury sometime prior to the actual date of taking him into custody. It was the argument of petitioner that statements made by him subsequent to the time the government had sufficient grounds for taking him into custody were inadmissable and violated the provisions of the Sixth Amendment. The Supreme Court of the United States in answering this argument said, " * * * There is no constitutional right to be arrested. The police are not required to guess at their peril the precise moment at which they have probable cause to arrest a suspect, risking a violation of the Fourth Amendment if they act too soon, and a violation of the Sixth Amendment if they wait too long. Law enforcement officers are under no constitutional duty to call a halt to a criminal investigation the moment they have the minimum evidence to establish probable cause, a quantum of evidence which may fall far short of the amount necessary to support a criminal conviction." In the case of Foley v. United States, U.S.Ct. of Appeals, 8th Circuit, 290 F.2d 562, defendant contended that the government's investigation was completed in 1954 and 1955 and thereafter was permitted to lie dormant and abandoned and that the indictment was not returned until February 5, 1959. It was charged that the lapse of approximately five years constituted an unnecessary delay. The United States Court of Appeals found that there was no substance in the contention that there was unnecessary delay in presenting the charge to the grand jury and concluded that the defendant had little standing to complain of the period of investigation and found no justification for holding that the delay was unreasonable. In making this pronouncement the court pointed out that the indictment was returned within the period of the statute of limitations. In the case of State v. Redding, Mo., 357 S.W.2d 103, the defendant complained that the arrest was delayed so that evidence might be seized, asserting that the arrest was made four days after the robbery when it could have been made sooner. In response to this complaint the court said, " * * * The officers also had the right to determine, in the fair exercise of their discretion, the time and place of the arrest. The mere fact that they had seen him on the street with the television set some half hour earlier, and that they could, presumably, have arrested him then, is in no way controlling. Nothing was shown here to indicate such an arbitrary exercise of power as to make the arrest invalid."

■ So it is in the instant case that defendant Little had no statutory or constitutional right to be arrested immediately upon the seizure of the evidence and the state had a right to issue an information for the offense committed at any time within three years after the commission of such offense and likewise the police, pursuant to the issuance of the information, had the right to make the arrest. We find no jurisdiction in the Respondent for dismissing the information against the defendant on the ground stated in his order of November 2, 1967. Our Alternative Writ of Mandamus heretofore issued is made peremptory and Respondent is directed to vacate and set aside his order dismissing the information in question filed against defendant, Little and to reinstate said information.

ANDERSON, P. J., and WOLFE, J., concur.